FARMERS MUTUAL INSURANCE COMPANY OF NEBRASKA, APPELLANT, V. NELLIE GUMAER ET AL., APPELLEES.

FILED MARCH 12, 1923. No. 22252.

Judgment: PREMATURE ENTRY. Where plaintiff files an action in the nature of an interpleader, praying that certain claimants to the fund in his hands be brought into court, and that the court determine the respective rights of such claimants; and where the claimants file a cross-petition against the plaintiff, praying for judgment against him in excess of the amount tendered into court, although no summons may be necessary to be served on the plaintiff, nevertheless the plaintiff is entitled to the same time to plead to the cross-petition as though the defendant filing the cross-petition was plaintiff and the plaintiff was sole defendant. In such case, a default and judgment against the plaintiff on the cross-petition, before the time to plead has expired, is erroneous.

APPEAL from the district court for Gage county: LEONARD W. COLBY, JUDGE. Reversed, with directions.

Doyle, Halligan & Doyle, for appellant.

E. O. Kretsinger, and Sackett & Brewster, contra.

Heard before MORRISSEY, C. J., ALDRICH, DAY and GOOD, JJ., TROUP, District Judge.

DAY, J.

The Farmers Mutual Insurance Company commenced

this action in the nature of an interpleader, making Nellie Gumaer, Mary Gumaer, and George Lippold, parties defendant. No affirmative relief on behalf of the plaintiff is prayed against either of the defendants. The petition alleges in substance that the plaintiff issued its policy to Nellie Gumaer for $1,800, upon a dwelling-house then owned by her; that on June 20, 1920, while the policy was in full force and effect, the said Nellie Gumaer transferred the title to the insured premises to her mother, Mary Gumaer, without the knowledge or consent of the plaintiff; that on September 20, 1920, Mary Gumaer entered into a contract to sell the said premises to George Lippold, and thereupon the said Nellie Gumaer, without disclosing that she had sold the premises to her mother, notified the plaintiff that the property had been sold to George Lippold, and requested that the policy be changed so as to include the interest of the purchaser; that thereupon on September 20, 1920, the plaintiff, in ignorance of the fact of the sale of the premises by Nellie Gumaer to her mother, caused to be issued and attached to the policy a rider to the effect that loss, if any, under the policy should be payable to Nellie Gumaer and George Lippold, as their interests may appear; that on February 21, 1921, the dwelling-house was destroyed by fire; that Lippold had paid upon his contract of purchase $475; that plaintiff and Lippold agreed that his loss under the policy was $450, and plaintiff agreed to pay him that sum; that the transfer of the premises by Nellie Gumaer to her mother without the knowledge or consent of the plaintiff by the terms of the policy rendered it void so far as it affected the rights of Nellie Gumaer thereunder; that Nellie Gumaer and Mary Gumaer have notified the plaintiff that they claim an equitable lien to any interest that George Lippold may have under the policy, based upon the claim that Lippold has forfeited all his rights under the contract of purchase.

Plaintiff brings into court $450, and asks that the

parties defendant be summoned into court and their respective rights to the $450 determined.

In its final analysis, the petition is essentially a statement to the court that the plaintiff has $450 in its hands; that the three persons named are making claim to it, and that plaintiff brings the fund into court and asks the court to determine, as between the claimants, their respective rights. To this petition Nellie and Mary Gumaer filed an answer and cross-petition on April 29, 1921. The cross-petition, on behalf of Nellie Gumaer, alleged the issuance and delivery of the policy to her for $1,800; the destruction of the dwelling-house by fire; that the deed to her mother was never delivered and was of no validity to transfer title; that Lippold had forfeited all rights under the contract of purchase; and prayed for judgment on the policy for the full sum of $1,800, with interest thereon, and an attorney's fee. On May 2, 1921, Lippold filed a pleading, which he denominated an "inter-plea," in which he claimed relief against the plaintiff on the policy, and also charged that the plaintiff had agreed to pay him the sum of $450 in settlement of the loss. On May 28, 1921, Nellie and Mary Gumaer filed an answer to the "inter-plea" of Lippold, to the effect that Lippold had forfeited all rights under the contract, and that they were entitled to an equitable lien upon the $450, claimed by Lippold against the plaintiff.

Under this state of the pleadings the case was called for trial on May 28, 1921; default was entered against plaintiff for failure to plead to the cross-petition of Nellie Gumaer, and the "inter-plea" of George Lippold, and judgment was rendered against the plaintiff and in favor of defendant Nellie Gumaer on her cross-petition for $1,800 and interest, together with an attorney's fee of $200, and judgment was also rendered in favor of Lippold on his "inter-plea" against plaintiff for $450 and interest. On May 30, 1921, plaintiff filed a motion for a new trial, based upon a number of grounds, which

was overruled. From this judgment the plaintiff appeals.

One of the errors assigned is that the default and judgment against the plaintiff were prematurely entered. We think this assignment is well taken. It will be noted that the plaintiff asked no affirmative relief against either of the defendants. It simply brought a fund into court, alleged that defendants were claiming it, and asked the court to determine the respective rights of the defendants thereto.

The defendants by their respective counterclaims against the plaintiff, praying for affirmative relief against it, presented an entirely new issue in the nature of an independent action. While it was not necessary that a summons should issue against the plaintiff, nevertheless it had the same time to plead to the cross-petitions as though the defendants were plaintiffs and the plaintiff was defendant. While the precise question, so far as we are aware, has not heretofore been passed upon by this court, an analogous question has been considered. In *Cockle Separator Mfg. Co. v. Clark,* 23 Neb. 702, it was held that, when a defendant files an answer against his codefendant in the nature of a cross-petition, although no summons need be issued thereon, yet the co-defendant is entitled to the same time to plead thereto as though the defendant filing the answer was plaintiff and the codefendant sole defendant, and that a decree taken before the time to plead was erroneous. Under this rule the plaintiff had until May 30, 1921, to plead to the cross-petition of Nellie Gumaer, and until June 6, 1921, to plead to the cross-petition of George Lippold.

Besides this, we are of the opinion that the judgment as a whole is not responsive to the pleadings. The pleadings clearly indicate that the claims of the respective parties defendant primarily rest upon the policy. It seems quite clear, therefore, that the liability of the plaintiff could not exceed the amount of the face of the

policy with interest, together with a reasonable attorney's fee. The aggregate judgment of $2,250 with interest, together with an attorney's fee against the plaintiff, based upon its $1,800 policy, is manifestly excessive.

Since the case has been pending in this court, it is claimed by the plaintiff that a full and complete settlement has been made and effected between the plaintiff and the defendants Nellie and Mary Gumaer, which disposes of the whole case. We are asked by the plaintiff to approve the settlement, to determine the amount of an attorney's fee which should be allowed defendants' attorney in this court, and to dismiss the appeal.

Nellie and Mary Gumaer, however, claim that the so-called settlement was procured by fraud, and they have tendered back to the plaintiff the amount paid upon the settlement. Numerous and lengthy affidavits have been filed bearing on the question of the good faith of the settlement. It will serve no good purpose to set out the circumstances and the inducements which led up to the signing of the contract of settlement. Suffice it to say that, upon a consideration of all of the facts and circumstances surrounding the settlement, we are convinced that it ought not to stand, and that the parties should not be bound by it.

Up to this time the merits of the case have not been passed upon. Upon an examination of the record, we have come to the conclusion that the judgment should be reversed, with directions to fix the time for making up the issues as between the respective parties, and that the case be heard upon its merits.

The question of attorney fees for defendants' attorneys can then be determined.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED.