LAZAR BROWN, PLAINTIFF IN ERROR, V. C. W. EDGERTON, DEFENDANT IN ERROR.

Error: VACATION OF JUDGMENT: FINAL ORDER. An order of a district court vacating its own judgment during the term at which it was rendered, is not a final order, and therefore is not reviewable by proceedings in error.

MOTION to dismiss case brought up from Douglas county.

*George W. Doane* and *Warren Switzler,* for the motion.

*Thurston & Hall* and *A. N. Ferguson, contra.*

LAKE, CH. J.

The defendant in error moves the dismissal of this case for the reason that the order complained of is not "final," and therefore not a proper subject for proceedings in error.

Of orders made by district courts only such are reviewable in this manner as are by the code denominated "final." Sec. 582. "An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, * * * is a final order," etc. Code, sec. 581.

The order in question was one which, on motion of the defendant, vacated a judgment against him on default during the same term at which it was rendered, to enable him to make a defense to the action. It is very clear that such an order is not covered by the above description. It was in no sense final; it did not prevent, although its effect was doubtless to delay for awhile, the entry of a judgment.

But, independently of the provisions of the code on this subject, it is a rule generally recognized by appellate tribunals that courts possess an unlimited power over their own judgments and orders in respect to their vacation and modification until the close of the term at which they are rendered, and that their action in this particular is not reviewable on appeal. Freeman on Judgments, sec. 90.

And this power seems to have been fully recognized by the legislature in the enactment of the several provisions of the code relative to the review by courts of their own judgments and orders after the term at which they are rendered. Code of Civil Procedure, sec. 602, et seq. We think it will be conceded that, in practice, this power is quite as essential to the ends of justice, if not much more so, during the continuance of the term as it is afterwards. This being so, it would hardly be reasonable to presume that the legislature would have formally given the power and provided for its exercise only after final adjournment,

if it had been supposed that the court did not possess it during the continuance of the term.

MOTION SUSTAINED.