37-628.

COCKLE SEPARATOR MANUFACTURING COMPANY, PLAINTIFF IN ERROR, V. S. W. CLARK, DEFENDANT IN ERROR.

1. **Judgment:** FINAL ORDER. An order of the district court setting aside a decree and permitting a defendant to plead to an answer filed by a co-defendant, by leave of court, but of which said defendant had no notice, is not a final order. *Spencer v Thistle*, 13 Neb., 227, distinguished.

2. **Pleading:** ANSWER AGAINST CO-DEFENDANT: TIME FOR PLEADING. Where a defendant files an answer against a co-defendant, seeking to enforce certain rights against his property, such answer is in the nature of a cross-petition, and although no summons should be issued thereon, yet the co-defendant is entitled to the same time to plead thereto as though the defendant filing the answer was plaintiff, and the co-defendant sole defendant; and a decree taken before the time to plead has expired is erroneous.

3. **Default:** NOTICE. While all parties to an action are bound to take notice of pleadings properly filed within the time required by law, yet where a party in default obtains leave of court to file a pleading affecting other parties, the parties so affected should be notified of the filing of such pleading, unless such persons or their attorneys are present when the order is made.

MOTION to dismiss proceedings in error from Adams county.

*Batty & Castro*, for the motion.

*J. B. Cessna, contra.*

MAXWELL, J.

On the 4th day of April, 1887, William Dickman filed a petition against S. W. Clark and others, in the district court of Adams county, to foreclose a mechanic's lien on certain mill property in the village of Juniata. A summons was duly issued and served on the defendants, requiring them to answer on the 9th day of May, 1887. Clark was the principal debtor, the other defendants being supposed to have some claim upon the real estate sought to be affected. The case was afterwards dismissed as to Dilworth and Smith.

On the 23d day of June, 1887, the Cockle Separator Manufacturing Co., one of the defendants, obtained leave to answer, and thereupon filed an answer, claiming a lien upon said premises by virtue of a certain mortgage executed thereon by the defendant, Clark. The plaintiff's attorney waived notice, but no notice was given to the defendant, Clark, of the order of the court or the filing of the answer.

On the 25th day of June of that year, default was taken against Clark, and a decree entered foreclosing a mechanic's lien, and also the mortgage above referred to. Two days thereafter Clark filed a motion to vacate the decree, and for leave to plead to the answer of the Cockle Separator Manufacturing Co. This motion was taken under advisement by the court, which, on the 1st day of September, 1887, made an order as follows:

"And now on this day said cause comes on for hearing, and the court being fully advised in the premises, sustains said motion.

"It is therefore considered and adjudged by the court, that the default taken against said Clark, and the decree and judgment heretofore rendered and entered in this case against said Clark and in favor of the said Cockle Sep-

arator Manufacturing Co., be and same is hereby set aside, and said Clark is hereby given leave to answer herein within twenty days, and the said Cockle Separator Manufacturing Co. have thirty days to plead thereto, to which the Cockle Separator Manufacturing Company excepts," etc.

From this order the Cockle Separator Manufacturing Co. brought the case into this court by petition in error.

A motion is now made to dismiss the case, because there is no final judgment, etc.

In a number of cases this court has held, that an order granting a new trial during the term at which the judgment was rendered is not a final order. *Brown v. Edgerton*, 14 Neb., 453. *Artman v. West Point Mnfg. Co.*, 16 Id., 575. *Wilson v. Shepherd*, 15 Id., 17. *Daniels v. Tibbets*, 16 Id., 666. It is claimed on behalf of the plaintiff in error that *Spencer v. Thistle*, 13 Neb., 227, establishes a different rule. An examination of that case, however, will show that the plaintiffs are mistaken. In that case the district court confirmed the report of the referee and rendered judgment thereon in favor of the plaintiff and against the defendant. Two days thereafter, the attorneys for the defendant filed a motion to vacate the judgment, set aside the report of the referee, allow the defendant to answer, and for a trial before a jury. No cause was assigned for the motion, nor any statutory ground assigned therein as a basis for the action of the court. Notwithstanding this failure to assign any cause for the vacation of the judgment and the report of the referee, the court attempted to set the same aside and grant a new trial. This action of the district court cast a cloud upon the plaintiff's judgment, which prevented him from enforcing the same, and this court removed such cloud, and virtually held that the district court, in all its proceedings to vacate the judgment and report of the referee, had exceeded its jurisdiction, and that its action therein was void.

In the case under consideration, however, the decree, so far as the Cockle Separator Mfg. Co. was concerned, was prematurely rendered. The answer of said company seeking to foreclose its mortgage was in the nature of a cross-action against a co-defendant. The defendant filing such answer, in all but in name, is a plaintiff, and while no summons is required as in cases where a cross-petition is filed, yet the party against whom the relief is sought is entitled to the same time to plead as he would be entitled to if his co-defendant was plaintiff and he the sole defendant. And no valid decree could be taken against him until the time to answer had expired. While the parties to an action are required to take notice of all pleadings required by law which are filed within the periods therein prescribed, yet, where a party is in default and a pleading is filed out of time by the order of the judge or of the court, notice should be given of the filing of such pleading to all parties to be affected thereby, unless such persons or their attorneys are present when such order is made. In any view of the case, therefore, the court did right in setting aside the decree and permitting Clark to plead to the answer of the Cockle Separator Mfg. Co. And the order not being final, the motion to dismiss is sustained.

JUDGMENT ACCORDINGLY.

THE other judges concur.