VACLAV ROH v. VACLAV VITERA ET AL.

FILED NOVEMBER 21, 1893.    No. 6418.

1. **Final Order.** An order of the district court vacating its own judgment rendered by default, and permitting the defendant to answer at the same term at which the judgment is rendered, is not a final order.

2. **A motion to vacate a judgment** must assign reasons for the proposed action of the court, but if the causes are set forth in an accompanying paper and submitted to the court in that form and acted upon by it, a reviewing court will not declare its ruling thereon void, although it may be erroneous.

3. **Final Order:** REVIEW. A mistake in the third point in the syllabus in *Hansen v. Bergquist*, 9 Neb., 269, corrected by substituting the words "an execution and" for "a judgment."

ERROR from the district court of Butler county. Tried below before WHEELER, J.

Motion by defendants in error to dismiss on the ground that the order complained of in the petition in error is not a final order. The order sought to be reviewed vacates a judgment by default and grants defendants leave to answer. *Motion sustained.*

*George P. Sheesley, Sheesley & Aldrich,* and *Matt Miller,* for the motion:

No judgment or order which does not determine the

rights of the parties in the cause, and preclude further inquiry as to their rights in the premises, is a final judgment. The order in question was not, therefore, a final determination, and is not conclusive. (*Hall v. Vanier*, 7 Neb., 398; Code, sec. 581.)

An order vacating a judgment by default during the same term at which it was rendered, to enable defendant to make a defense, is not a final order. (*Brown v. Edgerton*, 15 Neb., 454.)

The power of the district court over its own judgments during the term at which the judgment is rendered is entirely discretionary, and not subject to review by the supreme court. (*Wise v. Frey*, 9 Neb., 220; *Smith v. Pinney*, 2 Neb., 145; *Huntington v. Finch*, 3 O. St., 445; *Taylor v. Fitch*, 12 O. St. 169; *Volland v. Wilcox*, 17 Neb., 50.)

*Evans & Hale* and *Frick & Dolezal, contra:*

The order of the court attempting to set aside the judgment rendered by default is null and void, because no ground is set out or claimed for which the court had power to order it to be set aside. (*Spencer v. Thistle*, 13 Neb., 227.)

MAXWELL, C. J.

This action was brought in the district court of Butler county on the 2d day of August, 1892, by the plaintiff against the defendants upon a contract for the erection of a church. It is alleged, in substance, in the petition that the defendants are a voluntary religious association ; that in the year 1891 they had a building to be used for a church, partially completed ; that they employed the plaintiff to complete the same, and promised to pay him the amount paid by him for labor and material and a reasonable compensation for his own services ; that he then completed the building, and it has been accepted by the defendants; that the defendants have paid thereon more than $3,500, and there

still remains due the sum of $2,028, for which this suit is
brought.   It seems that after suit was brought there was an
effort made by the parties to settle the matter and not per-
mit the case to go to trial, and on August 27, 1892, the
plaintiff and the priest of the congregation entered into the
following agreement:

"ABIE, September 27, 1892.

"It is hereby agreed between the congregation of Sts.
Peter's and Paul's Church of Abie and Vaclav Roh:

"1.  That Vaclav Roh will withdraw all lawsuits, liens,
and bills of every and any kind which he has at present or
ever did have against the congregation of Sts. Peter's and
Paul's church for building a church or for labor performed
or for material furnished, or for any cause whatever; and
he, Vaclav Roh, further agrees to remove all liens, dismiss
all lawsuits, and forever quitclaim all bills of every kind
which he may have now or ever did hold; and further,
that Vaclav Roh will pay all costs for liens and actions
at law, sheriff's fees, and every cost caused by an action
at law.

"2.  The congregation agrees to pay Vaclav Roh the sum
of $10 per member, number of members unknown, the
payment to be made as follows: On or before January 1,
1893, the sum of $5 is to be paid by each member, the
balance, $5, is to be paid by each member on or before Jan-
uary 1, 1894; but this agreement does not bind the afore-
said members of Sts. Peter's and Paul's church individ-
ually nor collectively to pay the amounts as above stated,
but they may pay the amount at any time, not later than
January 1, 1894.

"3.  This agreement guaranties to each member paying
$10 to Vaclav Roh that he, the member so paying, shall
be forever exempt from any further payment to Vaclav
Roh; and further, that Vaclav Roh shall bring no action
at law against any member so paying at present, nor at
any future time.

4. The amounts to be paid as above stated shall bear no interest whatever until January 1, 1894.

"REV. JOSEPH KOUTEK.

"VACLAV ROH.

" Witnesses :

"T. F. MAHONEY.

"V. H. SIMERKA.

" F. F. VOREL."

On the 9th day of March, 1893, a default was entered again-t the defendants and judgment taken for the sum of $1,374.60. On the 12th of April of the same year a motion was made to set aside the default and for leave to answer. This motion was sustained and leave given the defendants to answer in forty days. From the order setting aside the default and granting leave to answer the plaintiff brings the case into this court by petition in error. The defendants now move to dismiss the action because there is no final judgment. The plaintiff lays considerable stress upon the form of the motion to set aside the default. The motion is as follows :

" Come now the defendants named in the cause above entitled, and move the court that the default and judgment heretofore at this present term of this court taken and rendered, to-wit, on the 9th day of March, 1893, be set aside and that said judgment be vacated for reasons set forth in the affidavit of one of said defendants hereto attached."

The affidavit referred to in the motion is as follows :

" THE STATE OF NEBRASKA, ⎱ ss.
    BUTLER COUNTY.         ⎰

"Anton Ptacek, being duly sworn, deposes and says that he is one of the defendants in the cause above entitled; that said defendants, on and prior to the 9th day of March, 1893, had not employed any attorney or attorneys to look after the interests of said defendants in this cause, by reason of certain overtures of settlement of this controversy made by the plaintiff; that on account of the mutual desire of

the plaintiff and defendants against whom this action was first instituted that this controversy might be settled without trial, this cause was allowed to remain without any active prosecution for judgment on the part of the plaintiff, and without the preparing and filing an answer on the part of the defendants to the petition of the plaintiff; that the defendants were led to believe by the plaintiff that this cause would not stand for trial before January 1, 1894; that the plaintiff led the defendants to believe that upon their paying a certain amount of money, much less than the sum for which judgment was herein rendered, on or before the 1st day of January, 1894, that the case would be dismissed by reason of such settlement; that a part of the the facts hereinbefore recited appear of record among the files in this cause; that under the inducements held out by the plaintiff for settlement of this controversy, this cause would not stand for trial until after January 1, 1894. For all of which reasons the defendants refrained from interposing a defense to this action, wherefore default against the above named defendants was allowed.

"ANTON PTACEK.

"Subscribed in my presence and sworn to before me this 12th day of April, 1893.

"[SEAL.]                    ED. G. HALL, *C. D. C.*

A motion should contain within itself all the reasons relied upon for the action of the court, but where that course is not pursued, but the reasons are assigned in a separate paper and acted upon by the trial court without objection, we have simply to consider the reasons assigned, and not the form in which they are presented. The question of the propriety of setting aside the default for the reasons assigned, however, does not arise in this motion.

The plaintiff relies upon the case of *Spencer v. Thistle,* 13 Neb., 227, in which it was held that a new trial can only be granted after judgment for specific causes, which must be assigned in the motion for a new trial. In that

case the motion was: defendant "upon all the pleadings, proceedings, and records herein, moves the court for an order vacating judgment herein and to set aside report of referee and vacate said reference and allow defendant to answer, and that said action may stand for trial before a jury." No particular cause was pointed out, and the court held, properly we think, that some particular cause must be assigned to authorize the court to grant a new trial. It will be seen in the case at bar that causes are assigned in the affidavit which, whether sufficient or not, are not before the court. The case cited, therefore, is not applicable.

In *Hansen v. Bergquist*, 9 Neb., 269, a motion was made in the district court to quash an execution issued on a transscript of judgment from the county court upon the ground that the judgment had been set aside by the county court. The motion was sustained and the execution quashed. From this order the case was taken to the supreme court, where the order was reversed upon the ground that the judgment was valid. Inadvertently it is stated in the syllabus that an order setting aside a "judgment" may be reviewed on error. It should have been an order setting aside an execution, where it affects a substantial right. That was the point presented to the court, and the syllabus in the case will be so corrected.

In *Brown v. Edgerton*, 14 Neb., 453, it was held that an order made at the same term vacating a judgment was not a final order, and therefore not subject to review by proceedings in error, and such we understand to be the rule. There is no final order, therefore, from which a petition in error will lie, and the motion to dismiss must be sustained.

DISMISSED.