ELLA M. ROSE v. DEMPSTER MILL MANUFACTURING COMPANY.

FILED MAY 6, 1903. No. 12,834.

Appeal and Error: FINAL ORDER. An order setting aside a judgment or decree, fixing the time for filing pleadings and setting the cause down for a new trial, under section 602 of the code, is not a final order from which appeal or error will lie before trial and a final judgment.

ERROR to the district court for Gage county: CHARLES B. LETTON, DISTRICT JUDGE. *Proceeding in error dismissed.*

*G. M. Johnston,* for plaintiff in error.

*Frank N. Prout, William B. Rose, Alfred Hazlett* and *Fulton Jack, contra.*

BARNES, C.

Plaintiff in error, Ella M. Rose, obtained a decree in the district court for the foreclosure of a certain real estate mortgage against Dempster Mill Manufacturing Company, defendant in error, together with certain others who were the mortgagors. The premises were sold for much less than the amount due on the decree; the sale was confirmed, and afterwards a deficiency judgment was rendered, by default, against the defendant for the remainder due on the decree, on the alleged ground that it had assumed and agreed to pay the mortgage debt. Afterwards

defendant filed a petition under section 602 of the code, to set aside the judgment and allow it to file an answer and defend against the alleged liability. On the hearing the court found for the petitioner, opened up the judgment, fixed the time for pleading and set the cause down for trial. From that order the plaintiff prosecuted error to this court, and the defendant now moves to dismiss for the reason that the order was not a final one and that no appeal or proceeding in error can be predicated thereon. This presents the single question as to whether an order opening up or setting aside a judgment or decree and granting a new trial in the case, under section 602 of the code, is a final order or judgment from which appeal or error will lie.

In the case of *Morse & Co. v. Engle,* 26 Neb. 247, it was held that such an application to open up a decree was not a new action but a proceeding in the original one. A final order or judgment in such a proceeding, to be appealable, must at once put an end to the action by declaring that the plaintiff has or has not entitled himself to recover the remedy for which he sues.

Tried by this test the order in question is not a final one, but merely vacates the decree or deficiency judgment and allows the defendant to file an answer and make its defense. It leaves the original action to recover a deficiency judgment undetermined in the trial court. *Cockle Separator Mfg. Co. v. Clark,* 23 Neb. 702; *Merle & Heaney Mfg. Co. v. Wallace,* 48 Neb. 886.

This question was again before the court in *Browne v. Croft,* 3 Neb. (Unof.) 133. The opinion on rehearing will be found in 3 Neb. (Unof.) 134. Following the cases above cited it was again held that an order vacating a judgment and permitting an answer to be filed, thus leaving the case for trial on its merits in the district court, is not a final judgment in the case from which appeal or error will lie. Before such an order can be reviewed, there must be a final judgment in the case which disposes of it on its merits.

It follows that the motion to dismiss is well taken, and we recommend that it be sustained and the proceeding in error dismissed.

ALBERT and GLANVILLE, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the motion be sustained and the proceeding in error dismissed.

PROCEEDING IN ERROR DISMISSED.