TRIMBLE & BLACKMAN, APPELLANTS, v. M. V. COREY & SON, APPELLEES.

FILED FEBRUARY 10, 1910.  No. 15,893.

Appeal: FINAL ORDER. An order setting aside a judgment or decree, fixing the time for filing pleadings and setting the cause down for a new trial, under section 602 of the code, is not a final order from which appeal will lie before the trial and final judgment therein.

APPEAL from the district court for Clay county: ROB-ERT C. ORR, JUDGE. *Appeal dismissed.*

*Thomas H. Matters,* for appellants.

*John C. Stevens, contra.*

BARNES, J.

This is an appeal from an order of the district court for Clay county setting aside a default judgment of that court and granting a new trial in an action. pending therein.

The application for the new trial was made by petition, under the provisions of sections 602 and 603 of the code,

at a regular term of the district court immediately following a special term at which the default judgment was rendered. This is a second appeal from such an order. On the first appeal the commissioner who wrote the opinion overlooked our former decisions and treated the order as appealable. In the great press of business the opinion was inadvertently adopted by the court, the order granting a new trial was reversed because there was no evidence in the record which would sustain it, and the cause was thereupon remanded for further proceedings. *Trimble & Blackman v. Corey & Son,* 78 Neb. 639. It appears that thereafter there was a hearing on the petition in the district court, and, upon the evidence submitted, the order of which complaint is now made was entered therein. There has been no new trial, and the action is still pending for trial on its merits before the district court.

The question as to whether an appeal may be prosecuted from such an order before trial and final judgment on the merits was before us in *Rose v. Dempster Mill Mfg. Co.,* 69 Neb. 27, and it was there held: "An order setting aside a judgment or decree, fixing the time for filing pleadings and setting the cause down for a new trial, under section 602 of the code, is not a final order from which appeal or error will lie before the trial and a final judgment." In the opinion in that case we find the following expression: "In the case of *Morse & Co. v. Engle,* 26 Neb. 247, it was held that such an application to open up a decree was not a new action but a proceeding in the original one. A final order or judgment in such a proceeding, to be appealable, must at once put an end to the action by declaring that the plaintiff has or has not entitled himself to recover the remedy for which he sues. Tried by this test the order in question is not a final one, but merely vacates the decree or deficiency judgment and allows the defendant to file an answer and make its defense. It leaves the original action to recover a deficiency judgment undetermined in the trial court." See, also, *Cockle Separator Mfg. Co. v. Clark,* 23 Neb. 702; *Merle &*

*Heaney Mfg. Co. v. Wallace,* 48 Neb. 886. The rule thus announced has since been followed in all cases, except on the former appeal in this case, where the matter inadvertently escaped our attention. It follows that the plaintiffs' appeal herein is premature. In order to review the judgment of the district court in making the order complained of, the plaintiffs must await a final trial and judgment in this case, for, as has been well said, it may not be necessary for plaintiffs to appeal. If, upon the final trial in the district court, they should again recover a judgment, they would have no reason to complain of such order.

For the foregoing reasons, the appeal herein is

DISMISSED.

SEDGWICK, J., dissents.