JESSIE MAYE JONES, APPELLANT, v. NEBRASKA BLUE CROSS HOSPITAL SERVICE ASSOCIATION ET AL., APPELLEES.

120 N. W. 2d 557

Filed March 22, 1963. No. 35408.

Wells C. Jones, for appellant.

Tye, Worlock & Knapp, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

WHITE, C. J.

The sole question involved in this case is whether the district court erred in sustaining defendants' motion to vacate the plaintiff's default judgment.

On appeal by defendants from a county court judgment for plaintiff, plaintiff filed her petition on appeal on August 20, 1962, within 50 days of the rendition of the judgment in county court. The third Monday after 50 days from the rendition of the judgment elapsed on September 10, 1962, without the defendants having filed any answer or responsive pleading. § 25-821, R. R. S. 1943. The district court entered a default judgment against the defendants on September 12, 1962. Two days thereafter, the defendants filed a motion to vacate the default judgment or for a new trial, together with an answer consisting of a general denial and setting up an affirmative defense. Within the same term, and on September 19, 1962, the court sustained the motion, vacated the default judgment of September 12, 1962, and permitted the answer to stand.

From subsequent overruling of the motion for new trial, the plaintiff appeals, assigning as error that it was an abuse of legal discretion to vacate the default judgment of September 12, 1962.

The order vacating the judgment is an appealable one. See, § 25-1902, R. R. S. 1943; Sang v. Lee, 20 Neb. 667, 31 N. W. 85. The district court has inherent power to vacate or modify its own judgments at any time during the term in which they are rendered. Lyman v. Dunn, 125 Neb. 770, 252 N. W. 197; Bradley v. Slater, 58 Neb.

554, 78 N. W. 1069; Barney v. Platte Valley Public Power & Irr. Dist., 147 Neb. 375, 23 N. W. 2d 335.

The record and briefs in this case are in dispute as to whether the defendants' answer date was September 10, 1962, or September 17, 1962. It is not necessary to determine that question. The record shows that 2 days after the default judgment and 1 day after receiving a copy of the default judgment, the defendants filed their motion to vacate and their answer. The record discloses no notice to defendants, or their attorneys of record, of either the petition on appeal, or the hearing on the default judgment. There is no bill of exceptions or evidence in this case, except the defendants' offer, and the court's reception of the court files now before us.

In the light of this situation, was there any abuse of legal discretion by the trial court in setting aside the default judgment 7 days after its entry? We think not. We feel that directly applicable here is the language from Lacey v. Citizens Lumber & Supply Co., 124 Neb. 813, 248 N. W. 378, where the court held it was an abuse of discretion not to set aside a default judgment under similar circumstances. The court said: "Ordinarily, where a judgment has been entered by default and a prompt application made at the same term to set it aside, with a tender of an answer disclosing a meritorious defense, the court should, on reasonable terms, sustain the motion and permit the cause to be heard upon the merits. * * * In the instant case, it appears that defendants tendered a meritorious defense and have been deprived of a hearing upon the merits simply because through inadvertence their counsel failed to file answer within the proper time. The court, in the exercise of a sound discretion, we think, should have sustained the motion upon such terms as it deemed just. The courtesy that should prevail between opposing counsel to a cause ordinarily requires that counsel for one party should, before taking a default, give notice to counsel for the other side of his intention so to do."

Directly pertinent here also is the following from Barney v. Platte Valley Public Power & Irr. Dist., *supra,* citing Sang v. Lee, *supra*:  " 'It is certainly within the power of the court at any time during the term at which a judgment by default has been rendered to set the same aside, and allow an answer setting up a meritorious defense to be filed.' "

From what has been said, it appears on the record before us that the district court was correct in the exercise of its discretion. Beyond this, there is no showing or evidence before us from which an inference of abuse of discretion could be inferred. In reviewing orders affecting procedure in a case, this court will presume, in the absence of evidence to the contrary, that the district courts have not abused their discretion. And in such a situation, the only question before this court is whether the pleadings support the trial court's judgment. Benson v. General Implement Corp., 151 Neb. 234, 37 N. W. 2d 223; Dryden & Jensen v. Mach, 150 Neb. 629, 35 N. W. 2d 497; Lichtenberger v. Worm, 41 Neb. 856, 60 N. W. 93.

The only record and evidence presented to this court are the pleadings and orders of the court relating thereto. The district court acted properly within its powers in setting aside the default judgment and permitting the defendants to answer on the merits. There is no evidence of any abuse of discretion. The judgment of the district court is affirmed.

AFFIRMED.