JOSEPH L. VACCA, ASSIGNEE OF BIEDERMANN & SONS, INC., MONOGRAM OF CALIFORNIA, DECORA IMPORTS, INC., SUNRISE PUBLICATIONS, INC., AND CREATIVE CONCEPTS, APPELLANT, V. ROBERT J. DEJARDINE, R.J.D., INC., W.M., INC., DOING BUSINESS AS THE VIKING SHOP OR THE OTHER VIKING SHOP, APPELLEES. MIDWEST IMPORTERS OF CANNON FALLS, INC., APPELLANT, V. ROBERT J. DEJARDINE, R.J.D., INC., W.M., INC., DOING BUSINESS AS THE VIKING SHOP OR THE OTHER VIKING SHOP, APPELLEES.

331 N.W.2d 516

Filed March 18, 1983. Nos. 82-132, 82-133.

Joseph L. Vacca of J. L. Vacca & Associates, P.C., for appellants.

Betty L. Egan of Walsh, Walentine, Miles, Fullenkamp & O'Toole, for appellees.

BOSLAUGH, McCOWN, and HASTINGS, JJ., and BRODKEY, J., Retired, and RIST, D.J.

HASTINGS, J.

These cases are appeals from the District Court for Douglas County, which affirmed two decisions of the municipal court of Omaha, Douglas County, Nebraska. In the municipal court both plaintiffs-appellants moved for and obtained default judgments against the defendants-appellees. On motion of the defendants and payment of costs, these judgments were ordered vacated and set aside. It is from these orders that the plaintiffs appealed to the District Court, which in turn affirmed that action. These appeals followed.

At the outset, both in District Court and here, the defendants insist that the orders vacating the default judgments were not final orders and therefore not appealable. Cited in support of this contention are *Brown v. Edgerton,* 14 Neb. 453, 16 N.W. 474 (1883), and *Roh v. Vitera,* 38 Neb. 333, 56 N.W. 977 (1893). Both of those cases stand for that proposition. However, in *Jones v. Nebraska Blue Cross Hospital Service Assn.,* 175 Neb. 101, 120 N.W.2d 557 (1963), this court squarely held in a similar case that "The order vacating the judgment is an appealable one."

*Id.* at 102, 120 N.W.2d at 559. We believe that this expresses the better-reasoned rule.

In the case of *Vacca v. DeJardine et al.,* following the filing of a petition a summons was issued showing answer day to be July 30, 1981. On July 31, 1981, the plaintiff appeared in court and showed that the defendants had failed to appear or answer, and obtained a default judgment. On August 24, 1981, on motion of the defendants and payment of costs, the default judgment was set aside and the case set for pretrial on September 23, 1981. To this date, as disclosed by the record, no answer was or has since been filed by the defendants.

Neb. Rev. Stat. § 24-537 (Reissue 1979) provides: "When judgment shall have been rendered against a defendant in his absence, the same may be set aside upon the following conditions: (1) That he pay the costs awarded against him; (2) that his motion be made within thirty days after such judgment was entered; (3) that he notify in writing the opposite party . . . of the opening of such judgment and of the time and place of trial . . . ." However, more is required of a defendant in this situation. In *Steinberg v. Stahlnecker,* 200 Neb. 466, 263 N.W.2d 861 (1978), we affirmed the orders of both the Omaha Municipal Court and the District Court in refusing to set aside a default judgment wherein the defendant had filed nothing but a general denial. We said: "The matter of the vacation of a default judgment rests in the sound discretion of the trial court but this discretion is not an arbitrary one and it must be exercised reasonably. A party seeking to vacate a default judgment must tender an answer or other proof disclosing a meritorious defense." *Id.* at 468, 263 N.W.2d at 863.

Under the circumstances in *Vacca v. DeJardine et al.,* both the municipal court and the District Court abused their discretion in setting aside the default judgment in favor of the plaintiff. Accordingly, that case is reversed and remanded with directions to

reinstate the original default judgment.

In *Midwest Importers of Cannon Falls, Inc. v. DeJardine et al.,* the defendants did file a timely answer to the plaintiff's petition, although they have failed to file any response to an amended petition. However, the default judgment in this case was entered on July 24, 1981, on plaintiff's motion, setting forth that the defendants had failed and neglected to answer or object to interrogatories served on them by the plaintiff. On August 24, 1981 (August 23 having fallen on a Sunday), on motion of the defendants and payment of costs, the default judgment was set aside and the cause set for pretrial on September 23. No order was made regarding the failure to serve and file answers to interrogatories and nothing has been done in that regard to this date.

The statutory provision regarding the failure to answer interrogatories is found in Neb. Rev. Stat. § 25-1267.44 (Reissue 1979). It provides in part as follows: "(4) If a party . . . willfully . . . fails to serve answers to interrogatories . . . after proper service of such interrogatories, the court on motion and notice may . . . enter a judgment by default against that party." Although not directly in point, we find instructive some of the language in *Anoka-Butte Lumber Co. v. Malerbi,* 180 Neb. 256, 142 N.W.2d 314 (1966).

In that case the plaintiff-appellee, upon defendants' appeal from a judgment in county court, had failed to file its petition on appeal within "fifty days from the date of the rendition of such judgment by the justice," as required by Neb. Rev. Stat. § 27-1307 (Reissue 1964). The District Court, on appeal, denied the defendants' motion to nonsuit the plaintiff. We said: "Unless the statute is enforced in some manner by the court, it would be within the power of a litigant to continue the litigation almost without end. Where the provisions of the statute provide for a showing of good cause, good cause must be required. Here, however, there is no such require-

ment. The proper procedure in such situation would appear to be for the appellant to direct the court's attention to the fact that the appellee has not filed a petition on appeal within the time required. The court should then order that the plaintiff be nonsuited unless a petition on appeal is filed within a time specified." *Id.* at 261, 142 N.W.2d at 317.

Applying that rationale to the present case, we believe that had the municipal court not have set aside the default judgment in the face of no order to show cause, it would have been an abuse of discretion, prejudicial to the defendants, requiring reversal. *Von Seggern v. Kassmeier Implement,* 195 Neb. 791, 240 N.W.2d 842 (1976). It therefore follows that the setting aside of the judgment was not an abuse of discretion, and the judgment of the District Court should be affirmed. However, following the teaching of *Anoka-Butte,* the municipal court, in the first instance, instead of granting a default judgment, should have issued an order to the defendants to show cause why such judgment should not be granted because of their failure to file and serve answers. Therefore, the order of affirmance is modified to the extent that on remand the trial court is directed to issue an order to the defendants to show cause within a reasonable time period why a default judgment should not be entered.

VACCA V. DEJARDINE REVERSED AND REMANDED WITH DIRECTIONS TO REINSTATE THE ORIGINAL DEFAULT JUDGMENT.

MIDWEST IMPORTERS OF CANNON FALLS, INC. V. DEJARDINE AFFIRMED AS MODIFIED, AND REMANDED WITH DIRECTIONS.