Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/23/2020 09:09 AM CDT

CHERYL LOYD, APPELLANT, V. FAMILY DOLLAR
STORES OF NEBRASKA, INC., APPELLEE.

___ N.W.2d ___

Filed January 24, 2020.     No. S-19-230.

1. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.

2. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides.

3. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders.

4. **Workers' Compensation: Final Orders: Appeal and Error.** There are three types of final orders which may be reviewed on appeal, one of which is an order that affects a substantial right made during a special proceeding. Because workers' compensation proceedings are special proceedings, the issue is whether the court's order is final.

5. **Workers' Compensation: Compromise and Settlement.** Under Neb. Rev. Stat. § 48-139(2)(b)(iv) (Reissue 2010), if an application for approval of a lump-sum settlement is not approved, the compensation court may (1) dismiss the application at the cost of the employer or (2) continue the hearing, in the discretion of the compensation court.

6. **Rules of the Supreme Court: Attorney and Client: Jurisdiction: Appeal and Error.** The Nebraska Rules of Professional Conduct do not authorize appellate jurisdiction over adverse rulings on claims involving privilege.

7. **Appeal and Error.** The right of appeal in Nebraska is purely statutory.

8. **Pretrial Procedure: Final Orders: Attorney and Client: Appeal and Error.** In the context of discovery orders, an interlocutory order

compelling the production of documents for which a claim of privilege is asserted is appealable neither as a final order nor under the collateral order doctrine.

Appeal from the Workers' Compensation Court: John R. Hoffert, Judge. Appeal dismissed.

Michael W. Meister for appellant.

Patrick J. Sodoro and Lyndsey A. Canning, of Law Office of Patrick J. Sodoro, L.L.C., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

This is an appeal from an order disapproving the parties' application for an order approving a lump-sum settlement on the grounds that the application was not in compliance with the Nebraska Workers' Compensation Act.[1] The Nebraska Workers' Compensation Court found the application was not in the best interests of the claimant, after the claimant's attorney objected to the compensation court's requirement that he disclose the amount of his fees. Because the compensation court's order of disapproval was not a final, appealable order, we dismiss this appeal for lack of jurisdiction.

## BACKGROUND

On October 12, 2016, the appellant, Cheryl Loyd, filed a petition seeking benefits under the Nebraska Workers' Compensation Act for injuries sustained while performing her job duties at Family Dollar Stores of Nebraska, Inc. (Family Dollar), the appellee in this matter. Loyd claimed she had been injured while unloading a truck and had developed a hernia as a result. Family Dollar initially denied the claims, but

---

[1] See Neb. Rev. Stat. § 48-101 et seq. (Reissue 2010, Cum. Supp. 2018 & Supp. 2019).

later agreed to settle the dispute for a lump-sum payment of $150,000, along with the establishment of an interest-bearing account for additional medical payments. Because Loyd is a Medicare beneficiary, § 48-139(1)(a) requires the lump-sum settlement to be submitted to the compensation court for approval. After the application for approval was submitted, the compensation court requested that the parties make certain revisions to the application, provide an itemized list of medical expenses, and provide the amount of fees and costs to be paid from the settlement amount to Loyd's attorney.

In response to the compensation court's request, the parties filed a joint stipulation, which included the requested revisions and medical expenses. However, the stipulation did not include the amount of fees and costs, because Loyd's attorney objected to the required disclosure. After a hearing on the objection, on February 15, 2019, the compensation court issued a written "Order of Disapproval of Lump Sum Settlement Application and Joint Stipulation." In its order, the compensation court found it had the authority to order that the amount of attorney fees and costs be disclosed under § 48-139, because the statute requires a determination of whether the application and joint stipulation are in conformity with the compensation schedule and in the best interests of an employee "under all the circumstances."

Without the amount of fees and costs, the court determined it was unable to review and approve such fees, as required by § 48-108, and found that the application and joint stipulation were not in compliance with the Nebraska Workers' Compensation Act and not in the best interests of Loyd. Both parties appeal the compensation court's refusal to approve the application for a lump-sum settlement.

## ASSIGNMENTS OF ERROR

Each of the parties' assignments of error relates to the compensation court's requirement that Loyd disclose her attorney fees as a prerequisite to approving the lump-sum settlement agreement.

Loyd assigns that the compensation court erred in (1) failing to recognize that the objection to the required disclosure of attorney fees and costs was Loyd's assertion of her attorney-client privilege and not her attorney's own objection; (2) misinterpreting and misapplying § 48-108, which has always been applied to fee disputes between clients and attorneys or between law firms; and (3) reading meaning into §§ 48-108 and 48-139 that was not warranted by the language of the statutes.

Family Dollar's sole assignment of error is that the compensation court erred in denying the parties' settlement application for failure to disclose Loyd's fee agreement with her attorney, because it hindered the parties' expectations for settlement compared to the time, costs, and uncertainty associated with trial. We note that although Family Dollar assigned error, it failed to properly present a cross-appeal pursuant to Neb. Ct. R. App. P. § 2-109 (rev. 2014), because it did not include the required cross-appeal designation on the cover of its brief.

## STANDARD OF REVIEW

[1] Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[2]

[2] A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides.[3]

## ANALYSIS

[3] The threshold issue we must first address is whether this court has jurisdiction over the appeal. For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken;

---

[2] *State v. Uhing*, 301 Neb. 768, 919 N.W.2d 909 (2018).

[3] *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017).

conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders.[4]

[4] There are three types of final orders which may be reviewed on appeal,[5] one of which is an order that affects a substantial right made during a special proceeding.[6] Because workers' compensation proceedings are special proceedings, the issue is whether the court's order is final.[7]

In a special proceeding, an order is final and appealable if it affects a substantial right of the aggrieved party. An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.[8] Stated another way, an order affects a substantial right if it ""affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing."'"[9]

Loyd asserts that this court has jurisdiction because the appeal was filed within 30 days of the compensation court's order disapproving the lump-sum settlement agreement and joint stipulation. Loyd further asserts that this court has jurisdiction over the appeal, because it centers around § 3-501.6 of the Nebraska Rules of Professional Conduct[10] and the comment section of the rule specifically allows for appeal under the circumstances presented in this case.

*Compensation Court's Disapproval.*

[5] Under § 48-139(2)(b)(iv), if an application for approval of a lump-sum settlement is not approved, the compensation

---

[4] *Becerra v. United Parcel Service*, 284 Neb. 414, 822 N.W.2d 327 (2012).

[5] Neb. Rev. Stat. § 25-1902 (Reissue 2016).

[6] *Id.*

[7] *Jacobitz v. Aurora Co-op*, 287 Neb. 97, 841 N.W.2d 377 (2013).

[8] *Deines v. Essex Corp.*, 293 Neb. 577, 879 N.W.2d 30 (2016).

[9] *Id.* at 581, 879 N.W.2d at 33-34 (quoting *State v. Jackson*, 291 Neb. 908, 870 N.W.2d 133 (2015)).

[10] See Neb. Ct. R. of Prof. Cond. § 3-501.6 (rev. 2019).

court may (1) dismiss the application at the cost of the employer or (2) continue the hearing, in the discretion of the compensation court. Here, the compensation court did neither. Instead, it entered an order of disapproval.

The order of disapproval did not impact the subject matter of the proceeding. Nor did it prevent Loyd from submitting another application for approval. Loyd's case is retained for further action. Absent an order actually dismissing the application, there is no final and appealable order from which Loyd can appeal. We conclude that the compensation court's order of disapproval, standing alone, is not a final, appealable order.

*Nebraska Rules of Professional Conduct.*

[6] The Nebraska Rules of Professional Conduct do not, as Loyd suggests, authorize appellate jurisdiction over adverse rulings on claims involving privilege. Comment 11 of § 3-501.6 provides:

> A lawyer may be ordered to reveal information relating to the representation of a client by a court or by another tribunal or governmental entity claiming authority pursuant to other law to compel the disclosure. Absent informed consent of the client to do otherwise, the lawyer should assert on behalf of the client all nonfrivolous claims that the order is not authorized by other law or that the information sought is protected against disclosure by the attorney-client privilege or other applicable law. In the event of an adverse ruling, the lawyer must consult with the client about the possibility of appeal to the extent required by Rule 1.4. Unless review is sought, however, paragraph (b)(4) permits the lawyer to comply with the court's order.

[7] Comment 11 does not confer appellate jurisdiction. The right of appeal in Nebraska is "'purely statutory.'"[11] Comment

---

[11] *Heckman, supra* note 3, 296 Neb. at 461, 894 N.W.2d at 299 (quoting *Huskey v. Huskey*, 289 Neb. 439, 855 N.W.2d 377 (2014)).

11 merely requires the attorney *to consult with the client about the possibility of appeal*.

[8] Moreover, in the context of discovery orders, we have held that an interlocutory order compelling the production of documents for which a claim of privilege is asserted is appealable neither as a final order nor under the collateral order doctrine.[12] We have concluded that other available mechanisms such as mandamus actions and authorized appeals from interlocutory civil contempt orders are appropriate and "'serve as useful "safety valve[s]" for promptly correcting serious errors'" in claims involving privileged information.[13] Here, Loyd asserts a claim of privilege; however, the compensation court's order was not a final, appealable order. Hence, there is no appellate jurisdiction in this case.

## CONCLUSION

The order from which the parties appeal was not a final, appealable order. Accordingly, we dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

---

[12] See, *Hallie Mgmt. Co. v. Perry*, 272 Neb. 81, 718 N.W.2d 531 (2006); *Brozovsky v. Norquest*, 231 Neb. 731, 437 N.W.2d 798 (1989).

[13] *Schropp Indus. v. Washington Cty. Atty.'s Ofc.*, 281 Neb. 152, 160, 794 N.W.2d 685, 693 (2011) (quoting *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 130 S. Ct. 599, 175 L. Ed. 2d 458 (2009)).