Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/30/2021 09:11 AM CDT

Sybil L. Porter, appellant, v. Dustin S. Porter,
appellee, and State of Nebraska,
intervenor-appelllee.

___ N.W.2d ___

Filed May 7, 2021.    No. S-20-734.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

2. ____: ____. It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.

3. **Motions to Vacate: Time.** In a civil case, a court has inherent power to vacate or modify its own judgments at any time during the term at which those judgments are pronounced, and such power exists entirely independent of any statute.

4. **Appeal and Error.** The right of appeal in Nebraska is purely statutory.

5. ____. Remaining true to an intrinsically sounder doctrine better serves the values of stare decisis than following a more recently decided case inconsistent with the decisions that came before it.

6. **Final Orders: Appeal and Error.** Broadly stated, an order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.

7. ____: ____. Whether an order affects a substantial right depends on whether it affects with finality the rights of the parties in the subject matter. It also depends on whether the right could otherwise effectively be vindicated. An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.

Appeal from the District Court for Dodge County: Geoffrey C. Hall, Judge. Appeal dismissed.

Shane Placek and Linsey Moran Bryant, of Sidner Law, for appellant.

Wesley S. Dodge for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

A mother sought a modification of child support and obtained a default order of modification. Upon the father's motion to vacate, the district court sustained the motion. We conclude the order appealed from—which set aside the default order modifying child support and set the matter for a status hearing—did not affect a substantial right of the parties. Because it was not a final order, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Sybil L. Porter and Dustin S. Porter are the parents of two minor children. A 2012 divorce decree awarded Sybil custody of the children and ordered Dustin to pay child support. In 2015, the court modified the decree to reduce Dustin's child support. In 2017, the court entered another modification order after Dustin sustained a work-related injury and applied for Social Security disability benefits. The order provided, "The support that will accrue from this day forward will be suspended and will be paid from the arrearage payment for the [Social Security] dependent benefits when ordered and paid."

On March 25, 2020, Sybil filed a complaint for modification. She alleged that there had been a substantial and material change of circumstances necessitating a modification due to a change in income. A sheriff served summons on Dustin, but Dustin did not file a responsive pleading.

On May 12, 2020, Sybil filed a motion for default judgment against Dustin. During a June 15 hearing, Dustin appeared pro se and orally moved to continue the hearing. The court granted the request, setting the hearing for August 17.

As scheduled, the court held a hearing on August 17, 2020. Dustin did not appear, nor did counsel appear on his behalf. The court noted Dustin's absence and that he had not communicated with the court. The court received into evidence a February 2020 workers' compensation court award, which determined that Dustin was entitled to benefits of $466.82 per week "for so long in the future as [he] remains permanently and totally disabled."

On August 18, 2020, the court entered an order of modification. The order recited that Dustin was present pro se at the August 17 hearing. The court found that there had been a substantial and material change of circumstances because Dustin received a workers' compensation award equating to $2,022 per month of income for child support purposes. Among other things, the court ordered Dustin to pay $604 per month as child support for two children and to pay an additional $100 per month to address his child support arrearage.

Within 2 weeks, Dustin filed a motion to vacate or alter the August 2020 order. Dustin stated that he did not appear at the August 17 hearing. He asserted that the order did not reflect his income, that it was not based on accurate information, and that the court did not apply the Nebraska Child Support Guidelines.

The court held a hearing on the motion to vacate, which it ultimately granted. The court stated that it had equitable power to set aside a default judgment during the term, and it did so. By rule, the term of the court was coextensive with the calendar year.[1] The court then set a status hearing for November 9, 2020. On October 7, the court entered an order memorializing that it set aside the August order of modification and set a further hearing for November 9.

The next day, October 8, 2020, Sybil appealed. We subsequently moved the case to our docket.[2]

---

[1] See Rules of Dist. Ct. of Sixth Jud. Dist. § 6-13 (rev. 2017).

[2] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2020).

## ASSIGNMENT OF ERROR

Sybil assigns that the district court abused its discretion by sustaining Dustin's motion to vacate or alter the order of modification.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[3]

## ANALYSIS

[2,3] It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[4] Before reaching the error assigned on appeal, a threshold issue is whether the October 2020 order is a final order. There is no question that the district court had the power to vacate the August 2020 order. As we have often said, in a civil case, a court has inherent power to vacate or modify its own judgments at any time during the term at which those judgments are pronounced, and such power exists entirely independent of any statute.[5] The question is whether an appeal lies from the order vacating the judgment. We ordered supplemental briefing by the parties on the jurisdictional issue and have considered their submissions.

Before reviewing our own jurisprudence, we note that the authorities in other states are divided. "In the cases where a default judgment has been set aside, a majority of the cases hold that such an order is interlocutory and not appealable, although a number of cases have taken the contrary view."[6]

---

[3] *Colwell v. Managed Care of North America*, 308 Neb. 597, 955 N.W.2d 744 (2021).

[4] *TDP Phase One v. The Club at the Yard*, 307 Neb. 795, 950 N.W.2d 640 (2020).

[5] *In re Change of Name of Whilde*, 298 Neb. 510, 904 N.W.2d 707 (2017).

[6] Annot., 8 A.L.R.3d 1272, 1284 (1966).

Appellate jurisdiction hinges on whether the order vacating a default judgment constituted a final order under Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020). Under § 25-1902, an order is final for purposes of appeal if it (1) affects a substantial right and in effect determines the action and prevents a judgment, (2) affects a substantial right and is made during a special proceeding, (3) affects a substantial right and is made on summary application in an action after a judgment is rendered, or (4) denies a motion for summary judgment which was based on the assertion of sovereign immunity or the immunity of a government official.

We have encountered appeals from an order sustaining a motion to vacate or set aside a default judgment on numerous occasions. But many of our prior cases reaching the merits of the appeal did so without discussing a basis for appellate jurisdiction.[7] Others reached contradictory conclusions as to whether the order was appealable. In contrast, our case law has consistently held that an order *overruling* a motion to vacate or set aside a default is appealable.[8]

Several early cases involving proceedings in error determined that an order vacating or setting aside a default judgment was not appealable.[9] In *Brown v. Edgerton*,[10] we stated:

---

[7] See, e.g., *Diplomat Inn, Inc. v. Weindorf*, 206 Neb. 565, 293 N.W.2d 861 (1980); *Urwin v. Dickerson*, 185 Neb. 86, 173 N.W.2d 874 (1970); *Johnston Grain Co. v. Tridle*, 175 Neb. 859, 124 N.W.2d 463 (1963), *overruled on other grounds, Moackler v. Finley*, 207 Neb. 353, 299 N.W.2d 166 (1980); *Lyman v. Dunn*, 125 Neb. 770, 252 N.W. 197 (1934).

[8] See, e.g., *Capitol Construction v. Skinner*, 279 Neb. 419, 778 N.W.2d 721 (2010), *overruled on other grounds, McEwen v. Nebraska State College Sys.*, 303 Neb. 552, 931 N.W.2d 120 (2019); *Ak-Sar-Ben Exposition Co. v. Sorensen*, 119 Neb. 358, 229 N.W. 13 (1930); *Steele v. Haynes*, 20 Neb. 316, 30 N.W. 63 (1886).

[9] See, *Rose v. Dempster Mill Mfg. Co.*, 69 Neb. 27, 94 N.W. 964 (1903); *Roh v. Vitera*, 38 Neb. 333, 56 N.W. 977 (1893); *Cockle Mnfg. Co. v. Clark*, 23 Neb. 702, 37 N.W. 628 (1888); *Brown v. Edgerton*, 14 Neb. 453, 16 N.W. 474 (1883).

[10] *Brown v. Edgerton, supra* note 9, 14 Neb. at 454, 16 N.W. at 474-75.

The order in question was one which, on motion of the
defendant, vacated a judgment against him on default[,]
during the same term at which it was rendered, to enable
him to make a defense to the action. It is very clear that
such an order is not covered by the [statutory definition of
a final order]. It was in no sense final; it did not prevent,
although its effect was doubtless to delay for awhile, the
entry of a judgment.

In *Rose v. Dempster Mill Mfg. Co.*,[11] we reasoned that an order
setting aside a judgment or decree and allowing the defendant
to file an answer "is not a final one, but merely vacates the
decree or deficiency judgment and allows the defendant to file
an answer and make its defense." In an appeal from an order of
the district court setting aside a default judgment and granting
a new trial, this court explained:

In order to review the judgment of the district court in
making the order complained of, the plaintiffs must await
a final trial and judgment in this case, for, as has been
well said, it may not be necessary for plaintiffs to appeal.
If, upon the final trial in the district court, they should
again recover a judgment, they would have no reason to
complain of such order.[12]

But on at least two later occasions, we found an order vacat-
ing a default judgment to be a final order. In *Jones v. Nebraska
Blue Cross Hospital Service Assn.*,[13] we declared, "The order
vacating the judgment is an appealable one." In support, we
cited § 25-1902 and *Sang v. Lee*.[14] However, *Sang* involved

---

[11] *Rose v. Dempster Mill Mfg. Co., supra* note 9, 69 Neb. at 28, 94 N.W.
at 964.

[12] *Trimble & Blackman v. Corey & Son*, 86 Neb. 5, 7, 124 N.W. 907, 907
(1910), *overruled, Wunrath v. Peoples Furniture & Carpet Co.*, 98 Neb.
342, 152 N.W. 736 (1915).

[13] *Jones v. Nebraska Blue Cross Hospital Service Assn.*, 175 Neb. 101, 102,
120 N.W.2d 557, 559 (1963).

[14] *Sang v. Lee*, 20 Neb. 667, 31 N.W. 85 (1886).

an appeal from an order *refusing* to set aside a default judgment. Twenty years later, in *Vacca v. DeJardine*,[15] we stated:

> At the outset, both in District Court and here, the defendants insist that the orders vacating the default judgments were not final orders and therefore not appealable. Cited in support of this contention are *Brown v. Edgerton*[16] and *Roh v. Vitera*[17]. Both of those cases stand for that proposition. However, in *Jones v. Nebraska Blue Cross Hospital Service Assn.*,[18] this court squarely held in a similar case that "The order vacating the judgment is an appealable one."[19] We believe that this expresses the better-reasoned rule.

However, we did not elaborate on why we viewed *Jones*—which contained virtually no analysis—to articulate the "better-reasoned rule."[20] A few years ago, in dicta, we expressed our belief that *Vacca* and *Jones* were not "wrongly decided."[21]

[4,5] Our dissenting colleagues contend that the more recent case law, though untethered in statute, settles the issue. The U.S. Supreme Court has identified several factors in deciding whether to adhere to the principle of stare decisis, which include workability, the antiquity of the precedent, whether the decision was well reasoned, whether experience has revealed the precedent's shortcomings, and the reliance interests at stake.[22] Application of these factors militate in favor of correcting our case law. Although a blanket rule declaring the appealability

---

[15] *Vacca v. DeJardine*, 213 Neb. 736, 737-38, 331 N.W.2d 516, 517 (1983).

[16] *Brown v. Edgerton, supra* note 9.

[17] *Roh v. Vitera, supra* note 9.

[18] *Jones v. Nebraska Blue Cross Hospital Service Assn., supra* note 13.

[19] *Id.* at 102, 120 N.W.2d at 559.

[20] *Vacca v. DeJardine, supra* note 15, 213 Neb. at 738, 331 N.W.2d at 517.

[21] *Fidler v. Life Care Centers of America*, 301 Neb. 724, 731, 919 N.W.2d 903, 908 (2018).

[22] See *McEwen v. Nebraska State College Sys., supra* note 8.

of an order sustaining a motion to vacate a default judgment would be convenient and workable, the right of appeal in Nebraska is purely statutory[23] and such a rule does not comport with our final order statute. Section 25-1902 requires that an order affect a substantial right to be appealable, and we disagree that an order sustaining a motion to vacate a default judgment will *always* affect such a right. Regarding antiquity of the precedent, *Jones*[24] was decided 58 years ago, but cases reaching the opposite conclusion dated back to the late 1800's and early 1900's.[25] *Jones* took a contrary view without citing or distinguishing any of these earlier decisions and without an explanation as to how the order fit within the definition of § 25-1902. Remaining true to an intrinsically sounder doctrine better serves the values of stare decisis than following a more recently decided case inconsistent with the decisions that came before it.[26] And the only reliance interest that appears to be at stake is that Sybil filed this appeal from the order vacating the default order of modification rather than awaiting an order following a presentation of evidence, if any, by Dustin. Respect for precedent should not prevent us from restoring our adherence to the Nebraska Constitution and statutes.[27]

We view an order vacating a default judgment or order and allowing a defendant to answer and defend to be somewhat akin to an order vacating a dismissal and reinstating a case. And in the context of an order vacating a dismissal and reinstating a case, we have declared that there is no blanket rule that every such order is final and appealable; rather, the statutory criteria

---

[23] *Loyd v. Family Dollar Stores of Neb.*, 304 Neb. 883, 937 N.W.2d 487 (2020).

[24] *Jones v. Nebraska Blue Cross Hospital Service Assn., supra* note 13.

[25] See, *Rose v. Dempster Mill Mfg. Co., supra* note 9; *Roh v. Vitera, supra* note 9; *Cockle Mnfg. Co. v. Clark, supra* note 9; *Brown v. Edgerton, supra* note 9.

[26] *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017).

[27] *Id.*

of § 25-1902 must be applied to determine whether the order appealed from is final.[28] We apply the same rule with respect to an order vacating a default judgment or order.

[6,7] The issue turns on whether the order vacating the default order of modification affected a substantial right of the parties in the subject action. Broadly stated, an order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.[29] Whether an order affects a substantial right depends on whether it affects with finality the rights of the parties in the subject matter. It also depends on whether the right could otherwise effectively be vindicated. An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.[30]

Sybil argues that the order affected a substantial right. She highlights that because the 2017 order of modification suspended Dustin's child support obligation, she and her children have gone over 3 years without child support as of August 2020. Thus, the modification order obligating Dustin to pay $604 in child support was substantial. Sybil argues that the court's order setting aside its default order deprived her of "finality, repose and her judgment" and forces her "to restart the litigation process that had been pending since March of 2020, in which she made three (3) total appearances and participated in mediation."[31]

While we are sympathetic to Sybil's struggle, we are not persuaded that a substantial right is affected. The court's order merely set the default modification order aside and allowed

---

[28] See, *Fidler v. Life Care Centers of America, supra* note 21; *Deines v. Essex Corp.*, 293 Neb. 577, 879 N.W.2d 30 (2016).

[29] *Fidler v. Life Care Centers of America, supra* note 21.

[30] *Id.*

[31] Supplemental brief for appellant at 6.

Dustin an opportunity to defend. We have said that "[t]he fact that an order of reinstatement may allow the case to move forward to trial does not, without more, mean the order affects a substantial right of the opposing party."[32] The order certainly did not affect with finality the rights of the parties. Dustin will still owe child support; the question that remains concerns only the amount of the obligation. Sybil's right to collect child support from Dustin will not be irrevocably lost by postponing appellate review. Moreover, we have recognized that the children and the custodial parent should not be penalized by delay in the legal process, nor should the noncustodial parent gratuitously benefit from such delay.[33] Thus, absent equities to the contrary, modification of a child support order should be applied retroactively to the first day of the month following the filing date of the application for modification.[34] This reinforces our conclusion that the October 2020 order did not affect a substantial right. Because the order setting aside a default order of modification did not affect a substantial right, it was not a final, appealable order.

CONCLUSION

Because the order appealed from is not a final order, we dismiss the appeal for lack of jurisdiction.

Appeal dismissed.

---

[32] *Fidler v. Life Care Centers of America, supra* note 21, 301 Neb. at 732, 919 N.W.2d at 909.

[33] See *Johnson v. Johnson*, 290 Neb. 838, 862 N.W.2d 740 (2015).

[34] *Id.*

Heavican, C.J., dissenting.

One would be forgiven for finding unclear our jurisprudence interpreting what qualifies as a final, appealable order.[1]

---

[1] See Neb. Rev. Stat. §§ 25-1902 (Cum. Supp. 2020) and 25-1911 (Reissue 2016).

As a respected commentator has observed, our "confusing" case law interpreting § 25-1902 is not good for anyone—not for judges who must resolve jurisdictional challenges or for litigants and their attorneys who must timely appeal from the right order if they are to have their day in appellate court.[2]

Therefore, in my view, if we have recently stated that a specific type of order is or is not appealable under § 25-1902, we should be especially reticent to depart from such decision. After all, our opinions must mean something; we do our courts, litigants, and lawyers a disservice by further muddying the waters of what is and is not an appealable order.[3]

Even if, as the majority asserts, other states are divided on the issue of whether an order setting aside a default judgment is final and appealable, our case law with respect to the issue is not. In *Jones v. Nebraska Blue Cross Hospital Service Assn.*,[4] we held categorically that "[t]he order vacating the [default] judgment is an appealable one." Again, 20 years later, we held in *Vacca v. DeJardine*[5] that although two opinions from the 19th century had disfavored appeal from an order setting aside a default judgment,[6] the categorical rule in *Jones* "expresse[d] the better-reasoned rule."[7]

---

[2] John P. Lenich, *What's So Special About Special Proceedings? Making Sense of Nebraska's Final Order Statute*, 80 Neb. L. Rev. 239, 240 (2001). Accord Daniel L. Real, *Appellate Practice in Nebraska: A Thorough, Though Not Exhaustive, Primer in How to Do It and How to Be More Effective*, 39 Creighton L. Rev. 29 (2005).

[3] Cf. *McEwen v. Nebraska State College Sys.*, 303 Neb. 552, 931 N.W.2d 120 (2019) (justifying stare decisis in part by litigants' interest in being able to rely over time on precedent).

[4] *Jones v. Nebraska Blue Cross Hospital Service Assn.*, 175 Neb. 101, 102, 120 N.W.2d 557, 559 (1963).

[5] *Vacca v. DeJardine*, 213 Neb. 736, 331 N.W.2d 516 (1983).

[6] See *Roh v. Vitera*, 38 Neb. 333, 56 N.W. 977 (1893), and *Brown v. Edgerton*, 14 Neb. 453, 16 N.W. 474 (1883).

[7] *Vacca, supra* note 5, 213 Neb. at 738, 331 N.W.2d at 517.

Then, in 2018, we reaffirmed in dicta that *Jones* and *Vacca* "were [not] wrongly decided."[8] In other words, we accepted just 3 years ago, for the third time, the categorical rule that an order vacating a default judgment is a final, appealable order under § 25-1902. But the majority departs from that rule today.

Because the issue of whether this case presents a final, appealable order is settled by our recent case law, I would follow that recent case law. I respectfully dissent.

MILLER-LERMAN and PAPIK, JJ., join in this dissent.

---

[8] *Fidler v. Life Care Centers of America*, 301 Neb. 724, 731, 919 N.W.2d 903, 908 (2018) (reaffirming *Jones, supra* note 4, and *Vacca, supra* note 5, in dicta while reviewing reinstatement of case that had been administratively dismissed for lack of prosecution).