RHODEN AUTO CENTER, INC., AN IOWA CORPORATION, APPELLANT, v. JOHN OAKLEY AND SIXTH STREET MOTORS, ALSO KNOWN AS 6TH STREET MOTORS, APPELLEES.

507 N.W.2d 51

Filed October 5, 1993.   No. A-92-239.

Victor J. Lich, Jr., and Jerry P. Herold, of Lich, Herold & Mackiewicz, for appellant.

Fred J. Ferraro, of Trustin, Schweer & Ferraro, for appellee Oakley.

SIEVERS, Chief Judge, and HANNON and MILLER-LERMAN, Judges.

HANNON, Judge.

On May 2, 1989, the plaintiff, Rhoden Auto Center, Inc., obtained a judgment by default against John Oakley and Sixth Street Motors. This case involves the effort of Oakley to set aside the judgment against himself, not the judgment against Sixth Street Motors. Sixth Street Motors is not a party to the proceeding to set aside the judgment. The facts of the case are not material, but we must set forth the procedural history to deal with the issues concerning the setting aside of default judgments which this appeal presents.

On May 19, 1989, the county court set the default judgment aside, on the defendant Oakley's ex parte application, with the following trial docket entry: "For good cause shown, default judgment set aside. Leave granted [defendant] to file answer instanter upon payment of [plaintiff's] court costs." On June 1, plaintiff appealed the set aside order to the district court, which affirmed the county court's judgment on August 31. The plaintiff did not appeal this ruling to this court. The mandate from the district court was filed with the county court on September 5.

On September 6, the county court judge made a trial docket note, "On motion of [defendant,] case set for trial on Tuesday, Sept[.] 19, 1989 [at] 2 PM." The defendant served the plaintiff appropriate notice of the trial. The plaintiff then filed a motion to reinstate the default judgment because the defendant had not complied with Neb. Rev. Stat. § 24-537 (Reissue 1985), which is now found at § 25-2720 (Reissue 1989). The motion contained a notice that it would be heard on September 19 at 2 p.m., the time the case was set for trial, and attached was a certificate that the motion was mailed to the opposing counsel on September 14. Although the actual motion was not date-stamped until

September 20, about which the defendant complains, the motion was taken up by the court and the parties on September 19. The date the motion was physically filed is not of consequence in this appeal. The county court's trial docket entry of September 19 states, "Motion of [plaintiff] to reinstate default judgment overruled. [Plaintiff] elects to stand on motion . . . . [Plaintiff's] petition is dismissed."

On October 4, 1989, the plaintiff filed a notice of appeal to the district court from the September 19 order of the county court overruling the plaintiff's motion and dismissing the case. The appeal was heard in the district court on February 27, 1992. The bill of exceptions on this appeal contains only a record of the hearing that was held by the county court on September 19, 1989. The district court journal entry showed: "The ruling by the County Court is hereby affirmed and the case is remanded to the County Court for trial." The plaintiff timely perfected an appeal to this court from this order.

The plaintiff alleges that the district court erred in affirming (1) the county court's order setting aside the plaintiff's default judgment and (2) the county court's order overruling the plaintiff's motion to reinstate its default judgments.

We turn to the first assignment of error. An order vacating a default judgment is appealable. *Vacca v. DeJardine*, 213 Neb. 736, 331 N.W.2d 516 (1983). An earlier decision of an appellate court controls later appeals of the same case on the actual points determined in the first appeal. *Security State Bank v. Gugelman*, 230 Neb. 842, 434 N.W.2d 290 (1989). In the first appeal, the district court necessarily considered the validity of the county court's order of May 19, 1989, which set aside the plaintiff's default judgment, and the county court's order was affirmed. This order of the district court was not appealed and became final. Therefore, the validity of the county court's order of May 19 setting aside the default judgment became the law of the case. The plaintiff cannot now be heard to complain to this court that the county court committed error in setting aside the default judgment, which obviously disposes of the first assignment of error.

Turning to the second assignment of error, we find that the plaintiff relies upon § 25-2720, which provides:

When judgment shall have been rendered against a defendant in his absence, the same may be set aside upon the following conditions: (1) That he pay the costs awarded against him; (2) that his motion be made within thirty days after such judgment was entered; (3) that he notify in writing the opposite party, or his attorney, or cause it to be done, of the opening of such judgment and of the time and place of trial, at least five days before the time thereof, if the party reside in the county, and if neither the plaintiff nor his attorney be a resident of the county, by leaving a written notice thereof at the office of the clerk of the court ten days before the trial; *Provided,* that the time of trial shall not be more than forty days after the rendition of the judgment.

The plaintiff also relies upon the following statement in *Royal Trust Co. v. Exchange Bank*, 55 Neb. 663, 668, 76 N.W. 425, 427 (1898):

"By an examination of this section it will be seen that the order setting aside a judgment can be made only on three conditions. These are, the making of the motion within the time prescribed, the payment of costs, or that judgment therefor be confessed, and that the party seeking to set it aside give written notice of the same, and of the time of trial. These conditions are precedent. . . . The judgment can only be set aside conditionally in the first instance. (Maxwell, Justice Practice 76.) If the judgment is thus conditionally set aside, and the notice is not given nor waived, that fact should be stated on the docket, without hearing any testimony, and the motion overruled. (Swan's Treatise [12th ed.] 104)."

There are other cases which consider similar statutes and different matters under the predecessor of § 25-2720 which establish that § 25-2720 must be followed to set aside a default judgment in a county court. See, *Anderson Mktg. Associates v. Roberts*, 215 Neb. 670, 340 N.W.2d 384 (1983); *Vacca v. DeJardine*, 213 Neb. 736, 331 N.W.2d 516 (1983); *Credit Bureau v. Hastings, Inc. v. George*, 203 Neb. 338, 278 N.W.2d 608 (1979).

The plaintiff claims that the failure of the defendant to give

at least 5 days' prior notice of a trial to be held within 40 days after the judgment was set aside means that the county court should have granted the plaintiff's motion to reinstate default judgment on September 19. The plaintiff argues from *Royal Trust Co.*'s holding that what we shall call the "5-day notice/40-day trial requirement" is also a condition precedent to the setting aside of the default judgment. Consequently, the plaintiff argues that since the trial was not held within 40 days, the order setting aside the default judgment, which was conditional, became ineffective and the default judgment is necessarily reinstated.

The transcript shows that the judgment was set aside on May 19, 1989. Under the literal language of § 25-2720, the defendant had only until June 23 to send the plaintiff notice that the trial would be held no later than June 28. There was no trial set, and the defendant did not send such a notice. The plaintiff therefore maintains the judgment must be reinstated because the required condition precedents did not occur, that is, the notice and trial did not occur as required by § 25-2720(3).

■ The plaintiff filed a notice of appeal to the district court on June 1, and the docket fee was paid by at least June 5. An order vacating a default judgment is appealable. *Vacca v. DeJardine, supra.* The filing of a notice of appeal and payment of the docket fee "give the district court jurisdiction of the matter appealed." Neb. Rev. Stat. § 25-2729(2) (Reissue 1989). The Supreme Court has said, "It is not conceivable that both the supreme court and the district court could at the same time have jurisdiction of this cause." *State Bank of Beaver Crossing v. Mackley*, 118 Neb. 734, 735, 226 N.W. 318 (1929). By the same logic, the district court and the county court could not have jurisdiction of this case at the same time. Since the appeal to the district court was timely perfected, it follows that the district court had jurisdiction of this case from June 5 to September 5. Thus, during this time period, the county court was clearly without jurisdiction to enter an order for trial.

■ In *Royal Trust Co.*, the Supreme Court stated that the notice of setting aside and setting for trial may be waived. We believe that when a default judgment is set aside, a plaintiff may waive both the notice of the trial and the timeliness of the trial

that are otherwise required under § 25-2720. We find that by appealing, the plaintiff waived compliance with the 5-day notice/40-day trial provisions of § 25-2720. To hold otherwise would allow a plaintiff to prevent a defendant from successfully setting aside a default judgment by simply filing an appeal, even if that appeal had no merit. In other words, one party may not prevent the other party from complying with a statute and then complain about the failure to comply.

The plaintiff also maintains that even if the appeal affects the 5-day notice/40-day trial provisions of § 25-2720, that rule still applies, except that the period of time while the jurisdiction of the case is in the district court is not counted. To adopt this rule would create a good possibility that in many cases a defendant could not comply with the rule, because the number of days left in the 40-day period after the return of the case to the county court might be less than is necessary to give the required 5-day notice and may well be less than is necessary for the county court to put the case on its trial docket. We therefore hold that once the plaintiff has waived the 5-day notice/40-day trial provision, the provision is waived and the plaintiff must rely upon other procedures to obtain an expeditious trial if the defendant does not do so. There is, however, one final matter to clarify.

On the second appeal, the district court ordered: "The ruling by the County Court is hereby affirmed and the case is remanded to the County Court for trial." The county court's order which the plaintiff appealed from states: "Motion of [plaintiff] to reinstate default judgment overruled. [Plaintiff] elects to stand on motion . . . . [Plaintiff's] petition is dismissed." Immediately after the judge orally announced his decision overruling the motion, the plaintiff's attorney stated: "All right. May I suggest to the Court that if the Court should go on from there and provide that the plaintiff elects to stand on his — [o]n its motion[.] . . . And declines to present evidence . . . . And plaintiff's petition is dismissed."

■ Plaintiff chose not to adduce evidence and invited the dismissal. Thus, plaintiff could only succeed in his appeal to the district court, and in turn to this court, if the motion to reinstate the default judgment was erroneously overruled. The district

court said that it was properly overruled, and we agree. Thus, the order of remand was wrong, as the matter was disposed of by the plaintiff's strategic choice of action. In other words, plaintiff bet on the motion to reinstate and the appeal from the overruling of that motion and, therefore, declined to produce evidence. The strategy was flawed, but the plaintiff was not entitled to a remand for trial when its strategy failed. The defendant does not cross-appeal, but we reserve the right to correct plain error. See *In re Estate of Fischer*, 227 Neb. 722, 419 N.W.2d 860 (1988). The remand was plain error, and the district court's order is modified to simply affirm the order of the county court of September 19.

AFFIRMED AS MODIFIED.