Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/02/2020 08:12 AM CDT

- 493 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

TransCanada Keystone Pipeline, LP, appellant,
v. Arthur R. Tanderup and Helen J. Tanderup,
husband and wife, and John Doe, appellees.

TransCanada Keystone Pipeline, LP, appellant,
v. Frank C. Morrison, also known as Frank
Morrison, and Lynn H. Morrison, husband
and wife, and John Doe, appellees.

TransCanada Keystone Pipeline, LP, appellant,
v. Jerry Carpenter and Charlayne Carpenter,
husband and wife, et al., appellees.

TransCanada Keystone Pipeline, LP, appellant,
v. Germaine G. Berry et al., appellees.

TransCanada Keystone Pipeline, LP, appellant,
v. Cottonwood Ridge LLC et al., appellees.

TransCanada Keystone Pipeline, LP, appellant,
v. Cheri G. Blocher and Michael J. Blocher,
wife and husband, et al., appellees.

TransCanada Keystone Pipeline, LP, appellant,
v. Frankie Maughan, also known as Frankie
Maughan, Jr., et al., appellees.

TransCanada Keystone Pipeline, LP, appellant,
v. Todd J. Stelling and Lisa J. Stelling,
husband and wife, and John Doe,
appellees.

TransCanada Keystone Pipeline, LP, appellant,
v. Karen G. Berry and John Doe, appellees.

- 494 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

TransCanada Keystone Pipeline, LP, appellant,
v. Richard E. Stelling et al., appellees.

TransCanada Keystone Pipeline, LP, appellant,
v. Joshua R. Stelling and John Doe, appellees.

TransCanada Keystone Pipeline, LP, appellant,
v. Robert R. Krutz and Beverly J. Krutz,
husband and wife, et al., appellees.

TransCanada Keystone Pipeline, LP, appellant,
v. CHP 4 Farms, LLC, et al., appellees.

TransCanada Keystone Pipeline, LP, appellant,
v. Carol J. Manganaro, Personal Representative
of the Estate of Florian W. Dittrich,
et al., appellees.

TransCanada Keystone Pipeline, LP, appellant,
v. Carol J. Manganaro et al., appellees.

TransCanada Keystone Pipeline, LP, appellant,
v. Tree Corners Farm, LLC, et al., appellees.

___ N.W.2d ___

Filed April 10, 2020.    Nos. S-19-493 through S-19-508.

1. **Judgments: Appeal and Error.** The construction of a mandate issued by an appellate court presents a question of law on which an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.

2. **Courts: Appeal and Error.** In cases where no statement of errors was filed and the district court reviewed for plain error, the higher appellate court likewise reviews for plain error only.

3. **Appeal and Error: Words and Phrases.** Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.

4. ____: ____. In appellate procedure, a "remand" is an appellate court's order returning a proceeding to the court from which the appeal originated for further action in accordance with the remanding order.

- 495 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

5. **Courts: Appeal and Error.** After receiving a mandate, a trial court is without power to affect rights and duties outside the scope of the remand from an appellate court.

6. **Judgments: Appeal and Error.** A reversal of a judgment and the remand of a cause for further proceedings not inconsistent with the opinion, without specific direction to the trial court as to what it shall do, is a general remand and the parties stand in the same position as if the case had never been tried.

7. **Courts: Judgments: Appeal and Error.** The exception to this general rule placing the parties back where they stood before the appeal after such a general remand order, is that if the undisputed and admitted facts are such that but one judgment could be rendered, the trial court should enter such a judgment, notwithstanding the mandate did not specifically direct the trial court's action.

8. **Appeal and Error.** Under the law-of-the-case doctrine, the holdings of an appellate court on questions presented to it in reviewing proceedings of the trial court become the law of the case; those holdings conclusively settle, for purposes of that litigation, all matters ruled upon, either expressly or by necessary implication.

9. **Courts: Judgments: Appeal and Error.** A district court has an unqualified duty to follow the mandate issued by an appellate court and must enter judgment in conformity with the opinion and judgment of the appellate court.

10. \_\_\_\_: \_\_\_\_: \_\_\_\_. A lower court may not modify a judgment directed by an appellate court; nor may it engraft any provision on it or take any provision from it.

11. **Judgments: Appeal and Error.** No judgment or order different from, or in addition to, the appellate mandate can have any effect.

12. **Courts: Judgments: Jurisdiction: Appeal and Error.** Because a trial court is without power to affect rights and duties outside the scope of the remand from an appellate court, any order attempting to do so is entered without jurisdiction and is void.

13. **Courts: Judgments.** Each person who takes part in the judicial process has a substantial right to have the courts' orders enforced.

Appeals from the District Court for Antelope County, James G. Kube, Judge, on appeal thereto from the County Court for Antelope County, Donna F. Taylor, Judge. Judgment of District Court affirmed.

James G. Powers and Patrick D. Pepper, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellant.

- 496 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

David A. Domina and Brian E. Jorde, of Domina Law Group, P.C., L.L.O., for appellees.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## NATURE OF CASE

This is a series of consolidated cases in which TransCanada Keystone Pipeline, LP (TransCanada), is seeking review of intermediate appellate orders entered by the Antelope County District Court, which reversed the Antelope County Court's denial of appellees' motions for attorney fees. These consolidated cases are factually related to a series of cases already decided by this court.[1] The question at issue in these cases is whether the county court plainly erred by entering a judgment on remand without holding an evidentiary hearing.

## BACKGROUND

These appeals are from a series of condemnation proceedings initiated by TransCanada. Proceedings took place in several counties through which TransCanada planned to construct an oil pipeline, including Antelope County. TransCanada ultimately voluntarily dismissed all of its condemnation actions without prejudice, because several landowners in York County challenged the constitutionality of the proceedings and TransCanada elected to pursue approval for the pipeline route by the Public Service Commission.

As in the actions filed in other counties, the condemnees in the Antelope County actions moved for an award of attorney fees and costs under Neb. Rev. Stat. § 76-726 (Reissue 2018). Following a hearing, the Antelope County Court originally found in favor of the condemnees on their motions for attorney fees. In making its decision, the county court reviewed the

---

[1] See *TransCanada Keystone Pipeline v. Nicholas Family*, 299 Neb. 276, 908 N.W.2d 60 (2018).

- 497 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

condemnees' affidavits that were received, over TransCanada's objections. TransCanada made several objections, including foundation, as well as a general hearsay objection to all of the affidavits submitted. The Antelope County Court overruled a majority of the objections. It agreed to disregard the last paragraph of each of the condemnees' affidavits, which contained gratuitous praise for their counsel, but otherwise received the affidavits into evidence. All of the evidence on the motion for attorney fees was presented via affidavit.

TransCanada appealed the Antelope County Court's order granting attorney fees to the Antelope County District Court, which determined that the Antelope County condemnees' affidavits submitted in support of their motions were inadmissible hearsay. The district court reversed the award of attorney fees, but stated that it was unsure to what extent the county court had relied on the affidavits. In each case, the district court remanded the matter for a "rehearing on the merits." The district court's orders to remand were not appealed.

In similar cases in Holt and York Counties, the respective district courts had similarly held that the affidavits were inadmissible hearsay and remanded for a new hearing. However, unlike the Antelope County District Court's order, TransCanada appealed the orders of remand of the Holt County District Court and the York County District Court. Accordingly, TransCanada requested to stay the mandate of remand from the district courts of Holt and York Counties.

In contrast, TransCanada did not request to stay the mandates from the Antelope County District Court. The Antelope County Court received the district court's mandates on March 21, 2017, and entered orders spreading the mandates on March 29.

Before the mandated rehearing was held, the parties made a stipulated request for a continuance to await resolution of *TransCanada Keystone Pipeline v. Nicholas Family*.[2] The

---

[2] See *id.*

- 498 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

stipulated request stated: "These cases are closely associated with cases in the Nebraska Court of Appeals, and the Court of Appeals' rulings on those cases may impact the matters before this Court." The Antelope County Court granted the continuance.

*Nicholas Family* consisted of 40 appeals from 40 different condemnation actions, which we consolidated into 4 appeals decided in 1 opinion. At issue in the appeals was the fact that the condemnees had requested attorney fees and costs under § 76-726. The condemnees, and their counsel, had in all cases submitted affidavits in support of the motions attesting to the fees and their reasonableness, and TransCanada had objected to all the affidavits on the basis of hearsay.[3] The county courts had overruled the objections and granted the requests for attorney fees. The district courts were split on affirming the awards of attorney fees and rejecting the affidavits as hearsay.

We held in *Nicholas Family* that the submission of affidavits was an acceptable way to introduce evidence in a motion for attorney fees. However, we also found that the evidence presented by the condemnees in those cases was insufficient to support the award of attorney fees.[4] We explained:

> No written fee agreement or invoice for legal services was offered as evidence in support of the motions for attorney fees and costs. Nor did the landowners, in their affidavits, aver any specific amount owed by them to counsel.
>
> We observe that affidavits from one or both counsel of record regarding the attorney fees actually incurred by the landowners were offered and admitted as evidence before each of the county courts. Under certain circumstances, such affidavits might supplement other evidence admitted at an attorney fees hearing and support the award of fees.

---

[3] See *id.*

[4] See *id.*

- 499 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

But in this case, these affidavits from counsel were not specific as to any individual landowner and--with respect to work done and fees charged--were virtually identical to one another, including seeking payment of the same amount of money based upon the same number of hours of work. In fact, these affidavits raised more questions than they answered, notably about the nature of the fee agreement between the landowners and counsel, whether any fee agreement was akin to a contingency agreement, and the nature of how attorney fees sought in these eminent domain proceedings might be related to the York County constitutional challenge. As such, we conclude that on these facts, these affidavits are insufficient to support the award of attorney fees.

Because the landowners' affidavits did not allege the amount each had actually incurred, and because there was no other evidence sufficient to support the award of attorney fees, we find that the county courts' awards were in error.[5]

Following our ruling in *Nicholas Family*, the Antelope County Court held a preliminary hearing to consider the arguments of counsel with regard to how these matters should be reheard. The condemnees argued that the district court ordered a rehearing on the merits and that the county court should conduct a new evidentiary hearing before ruling on the motions for attorney fees.

Relying on *Jeffres v. Countryside Homes*,[6] TransCanada argued that the county court should exercise its discretion to limit the scope of the evidence presented at a new hearing to the same content that was in the original affidavits. In *Jeffres*, we said that when a case is remanded for consideration of damages, it is within the sound discretion of the trial court to decide the issue on evidence contained in the record already

---

[5] *Id.* at 287-88, 908 N.W.2d at 68.

[6] *Jeffres v. Countryside Homes*, 220 Neb. 26, 367 N.W.2d 728 (1985).

- 500 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

made at the first trial, or to take additional evidence or to try the case de novo.

TransCanada then relied on *deNourie & Yost Homes v. Frost*[7] to argue that the county court was not required to hold a rehearing because, under the facts limited to the same content that was in the original affidavits, it was undisputed that only one judgment could be rendered. In *deNourie & Yost Homes*, we discussed an exception to the general rule that a remand on the merits resets the parties back to their position before the trial. We said that if the facts are not in dispute and only one judgment could be rendered, a lower court could enter an order without holding a rehearing.[8]

After considering the arguments at the preliminary hearing, the county court concluded a rehearing was unnecessary because *Nicholas Family* already established that the type of evidence to be presented by the condemnees was insufficient to support awards of attorney fees. The county court concluded that the affidavits in this case were very similar to those in *Nicholas Family*, because they were all prepared by the same counsel and used nearly identical language save for the names of the landowners and the paragraph identifying their property. The court noted that, in fact, both TransCanada and the condemnees had stipulated in the motion for continuance that the present cases "were closely associated with the cases pending on appeal and the appellate court's ruling may impact matters before this court." The court relied on *State v. Henk*[9] to determine that a new hearing would be limited to presentation of the same evidence found in the original affidavits. In *Henk*, we held that when a postconviction claim is remanded, the lower court does not have discretion to accept evidence on claims different from the claim in the remand order.

---

[7] *deNourie & Yost Homes v. Frost*, 295 Neb. 912, 893 N.W.2d 669 (2017).

[8] See *id.*

[9] *State v. Henk*, 299 Neb. 586, 909 N.W.2d 634 (2018).

- 501 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

The condemnees appealed the county court's decision denying their request for attorney fees to the district court, but failed to file a statement of errors. Accordingly, the district court's review was limited to plain error. The district court found that the county court had plainly erred by not having an evidentiary hearing on attorney fees as directed in the district court's original mandates. The district court reversed the county court's decision and remanded the matter with instructions to conduct an evidentiary hearing. TransCanada now appeals the district court's rulings.

## ASSIGNMENTS OF ERROR

TransCanada asserts that the district court erred by holding (1) that the county court's denial of the motion for attorney fees was plain error and (2) that the county court was required to hold a new evidentiary hearing in which additional evidence could be offered.

## STANDARD OF REVIEW

[1] The construction of a mandate issued by an appellate court presents a question of law on which an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.[10]

[2] In cases where no statement of errors was filed and the district court reviewed for plain error, the higher appellate court likewise reviews for plain error only.[11]

[3] Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.[12]

---

[10] *State v. Payne*, 298 Neb. 373, 904 N.W.2d 275 (2017).

[11] *Houser v. American Paving Asphalt*, 299 Neb. 1, 907 N.W.2d 16 (2018).

[12] *Id.*

- 502 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

## ANALYSIS

As the district court pointed out in the second order, once the affidavits were ruled as inadmissible, no evidence remained to support a decision from the county court. And because TransCanada did not appeal the district court's orders of remand after the first appeal, with the specific mandate for a "rehearing on the merits" that became the law of the case, the county court lacked the power to ignore that mandate. We agree with the district court's second orders that it was plain error for the county court to fail to hold a new evidentiary hearing in accordance with the district court's mandates.

[4,5] In appellate procedure, a "remand" is an appellate court's order returning a proceeding to the court from which the appeal originated for further action in accordance with the remanding order.[13] After receiving a mandate, a trial court is without power to affect rights and duties outside the scope of the remand from an appellate court.[14] We have consistently held that when a lower court is given specific instructions on remand, it must comply with the specific instructions and has no discretion to deviate from the mandate.[15]

The duty of the lower court springs from the public interest in having a finality to the litigation process and final judgments of the court. In *Jurgensen v. Ainscow*,[16] we explained this duty in the context of an appeal from a district court order that entered judgment from a mandate by the Supreme Court. In that case, we said:

> "When a particular judgment is directed by the appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. What that

---

[13] *Molina v. Salgado-Bustamante*, 21 Neb. App. 75, 837 N.W.2d 553 (2013).

[14] *Id*.

[15] See *id.* See, also, *Henk, supra* note 9; *Robertson v. Jacobs Cattle Co.*, 292 Neb. 195, 874 N.W.2d 1 (2015); *VanHorn v. Nebraska State Racing Comm.*, 273 Neb. 737, 732 N.W.2d 651 (2007).

[16] *Jurgensen v. Ainscow*, 160 Neb. 208, 69 N.W.2d 856 (1955).

- 503 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

superior says it shall do, it must do, and that alone. Public interests require that an end shall be put to litigation, and when a given cause has received the consideration of this court, its merits determined, and then remanded with specific directions, the court to which such mandate is directed has no power to do anything but to obey the mandate; otherwise, litigation would never be ended, and the supreme tribunal of the state would be shorn of that authority over inferior tribunals with which it is invested by our fundamental law. . . ."[17]

Application of this rule in the present cases places the responsibility on the county court to comply with the district court's mandates, which ordered it to hold a new hearing.

[6,7] TransCanada argues that in each case the order was not a specific mandate, but a general remand, and that an exception applies such that no further hearing is necessary because the undisputed facts are such that but one judgment could be rendered. A reversal of a judgment and the remand of a cause for further proceedings not inconsistent with the opinion, without specific direction to the trial court as to what it shall do, is a general remand and the parties stand in the same position as if the case had never been tried.[18] The exception to this general rule placing the parties back where they stood before the appeal after such a general remand order, is that if the undisputed and admitted facts are such that but one judgment could be rendered, the trial court should enter such a judgment, notwithstanding the mandate did not specifically direct the trial court's action.[19]

Thus, under this exception, in *Bohmont v. Moore*,[20] we upheld a district court order applying a rule of law concerning negligence to enter judgment without holding a trial after

[17] *Id.* at 211, 69 N.W.2d at 858.

[18] *deNourie & Yost Homes, supra* note 7.

[19] *Bohmont v. Moore*, 141 Neb. 91, 2 N.W.2d 599 (1942).

[20] *Id.*

- 504 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

the court received a general remand order. *Bohmont*, and a series of related cases, initially involved a breach of a bailment contract action when cash placed inside the plaintiff's safety deposit box at the bank went missing.[21] The plaintiff named the bank and two employees as defendants. The trial court directed a verdict in favor of the two employees, and the complaint against the bank proceeded to trial. At trial, the jury held the bank responsible for the loss of the money in the safety deposit box.[22] On appeal, we applied tort law and concluded that the bank could not be held responsible and remanded.[23] Our mandate stated that "'the judgment rendered by you be reversed . . . and the cause remanded for further proceedings.'"[24]

On remand, the plaintiff pointed out that our decision reversing the judgment relied on tort law and that the action was brought as a breach of contract; thus, portions of our opinion *implied* that he should have a new trial.[25] The trial court reviewed the plaintiff's argument and determined that the rule from tort law applied to the action because the plaintiff's breach of contract claim also asserted negligence. The trial court entered a directed verdict in favor of the bank without holding a new trial. The plaintiff again appealed and argued that portions of our first opinion implied that the plaintiff should have received a new trial.[26] In our opinion from the second appeal, we held that nothing in our first remand order prevented the trial court from applying the rule of law to the undisputed facts and entering judgment in favor of the bank. Thus, we affirmed the district court's decision.[27]

---

[21] See *Bohmont v. Moore*, 138 Neb. 784, 295 N.W. 419 (1940); *Bohmont v. Moore*, 138 Neb. 907, 297 N.W. 559 (1941); and *Bohmont, supra* note 19.

[22] See *Bohmont, supra* note 19.

[23] See *id.*

[24] *Id.* at 92, 2 N.W.2d at 600.

[25] See *Bohmont, supra* note 19.

[26] *Id.*

[27] *Id.*

- 505 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

In contrast, we found in *deNourie & Yost Homes* that this exception did not apply to the general remand order in that case.[28] A contractor had sued a homeowner and a bank for several claims, including breach of contract, fraud, and civil conspiracy related to the construction of a home. The trial court originally granted summary judgment in favor of the homeowner and the bank, and the contractor appealed. In the first appeal, we found that summary judgment was inappropriate on the claims of fraud and civil conspiracy and remanded for "further proceedings on D & Y's claims of fraud and civil conspiracy."[29]

On remand, the district court allowed the contractor to amend his complaint and the court considered a new motion for summary judgment on the amended complaint.[30] The district court granted the motion for summary judgment and the contractor again appealed, arguing in the second appeal that summary judgment on remand was inappropriate because our general mandate *implied* that the contractor was entitled to a trial only on the claims that were remanded. In *deNourie & Yost Homes*, we clarified that the general rule did not require a trial, only that the parties be put in the same position as if the case had never been tried.[31] Under the procedural facts of *deNourie & Yost Homes*, that meant the district court was free to consider new pretrial motions and was not obligated to proceed to a trial if summary judgment on a new motion was warranted.[32] We also noted in *deNourie & Yost Homes* the exception to the rule, stated above, and then concluded that the exception was not applicable under the facts of the case.[33] Instead,

---

[28] *deNourie & Yost Homes, supra* note 7.

[29] See *deNourie & Yost Homes v. Frost*, 289 Neb. 136, 163, 854 N.W.2d 298, 320 (2014).

[30] *deNourie & Yost Homes, supra* note 7.

[31] See *id.*

[32] See *id.*

[33] See *id.*

- 506 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

the remand had left open a number of possible actions: the court was free to hold a trial, to receive additional evidence, or to decide the case without receiving additional evidence.[34]

We find no merit to TransCanada's assertion in each case that the district court's remand order was a general remand and that the county court correctly applied the exception articulated in *Bohmont* and vacated the award of attorney fees and dismissed the motions without a hearing. Most fundamentally, we find no merit to this argument because the district court's orders were not a general remand. It was not a remand of the cause for further proceedings not inconsistent with the opinion, without specific direction to the trial court as to what it shall do. Rather, the district court remanded the causes for a "rehearing on the merits." In each case, the opinion issued by the district court specified: "The Order on attorney fees and costs is reversed. The matter is remanded to the County Court for *rehearing* consistent with the Order herein," after stating in the order that "a rehearing on the merits is appropriate." (Emphasis supplied.) In the context of the rest of the opinion in each case, it is clear that the district court's order was a specific mandate for a new evidentiary hearing on attorney fees. When an appellate court's mandate makes its opinion a part thereof by reference, the lower court should examine the opinion with the mandate to determine the judgment to be entered or the action to be taken thereon.[35]

The county court erred in circumventing this specific mandate by concluding that if a rehearing were held, the condemnees would be limited to presenting the same evidence that was presented in the original affidavits, and that the facts would be undisputed under such evidence that the motion for attorney fees would be unsupported. The county court arrived at its conclusion after reasoning that "the evidence in these Antelope County cases is so substantially similar to those facts

---

[34] See *id.*

[35] *Henk, supra* note 9.

- 507 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

discussed and referred to in the [*Nicholas Family*] case as to be identical." Because the county court believed that the evidence was identical, it also reasoned that the same judgment was required in the present cases as in *Nicholas Family*.[36]

To support this assertion, the county court order cited to our decision in *Henk*, but *Henk* is inapposite to the cases at bar.[37] In *Henk*, we had previously decided in a memorandum opinion on appeal from the denial of an evidentiary hearing that the defendant was entitled to an evidentiary hearing on a postconviction claim stated in his original postconviction application, and we remanded the cause for that specific purpose. After our mandate was spread and before the hearing on remand, the district court granted the defendant leave to amend his postconviction application to include additional claims for postconviction relief. In an appeal by the defendant following denial of postconviction relief, we concluded that the district court erred in hearing evidence on issues for which the case was not remanded.[38]

*Henk* thus precludes a lower court from hearing evidence of claims outside the scope of the remand. It reiterates that the lower court must comply with a specific mandate and neither do less nor more than what the mandate orders. Nothing in our holding in *Henk* indicates that a court should narrow the scope of evidence to prevent a party from presenting all evidence relevant to the issue specified to be reheard on remand, let alone that the evidence should be limited to the substance of that presented in an original hearing. Indeed, in *Henk*, no hearing was held prior to the appeal. *Henk* illustrates simply that the parties cannot use remand as an opportunity to expand the issues by amending the pleadings and holding a hearing on claims beyond those specified in the mandate remanding for an evidentiary hearing.

---

[36] *Nicholas Family, supra* note 1.

[37] *Henk, supra* note 9.

[38] See *id.*

- 508 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

Nothing in the Antelope County District Court's specific mandates for a rehearing on the merits of the motions for attorney fees suggested that the evidence presented in the new hearing should be limited to the evidence presented in the first. By concluding that the ordered "rehearing" was pointless, because the evidence would be so limited and would be insufficient, the county court deviated from the district court's mandates, which it lacked the authority to do.

The *Bohmont* exception could not apply, because the district court's mandates were not a general remand of a cause for further proceedings not inconsistent with the opinion, without specific direction to the trial court as to what it shall do.[39] Rather, they were specific mandates.

But even if the *Bohmont* exception could apply, the county court erred in concluding the evidence was undisputed, because the district court ruled on appeal that the affidavits were inadmissible hearsay. The county court reasoned that "the evidence in these Antelope County cases is so substantially similar to those facts discussed and referred to in the [*Nicholas Family*] case as to be identical." But instead, it was true that before the appeals to the district court, which ruled the evidence inadmissible and remanded for a rehearing, the evidence was so substantially similar to those facts discussed in *Nicholas Family* as to be identical.[40] Upon the district court's rulings as an appellate court, however, the affidavits were no longer in evidence. Upon remand and before any new evidentiary hearing was held, there was no evidence on the record concerning the attorney fees at issue. Without evidence of the work done and the amounts of fees incurred by each landowner, the county court had no basis for concluding that the facts to support the motion were undisputed.

[8] And although *Nicholas Family* has since indicated that the district court's orders would have been reversed, had

---

[39] See *Bohmont, supra* note 19.

[40] See *Nicholas Family, supra* note 1.

- 509 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

they been appealed, which would have led to the ultimate result the county court reached, the district court's orders in these cases were not appealed. Because TransCanada did not appeal the district court's orders remanding the causes for rehearing on the merits of the motions for attorney fees, those orders became final and the law of the case.[41] Under the law-of-the-case doctrine, the holdings of an appellate court on questions presented to it in reviewing proceedings of the trial court become the law of the case; those holdings conclusively settle, for purposes of that litigation, all matters ruled upon, either expressly or by necessary implication.[42] The *Nicholas Family* appeals, while factually similar, are still separate cases. They have no effect on the law of the case governing the present appeals. Because neither TransCanada nor the condemnees appealed the orders of the district court, the county court was left with a binding specific remand instruction, regardless of whether the district court's judgments were correct.

We agree with the district court that it was plain error in each case for the county court to fail to follow the district court's first mandate that became the law of the case and hold an evidentiary hearing on the issue of attorney fees. In cases where no statement of errors was filed and the district court reviewed for plain error, the higher appellate court likewise reviews for plain error only.[43] Plain error exists where there is an error, plainly evident from the record, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.[44]

---

[41] See *Rhoden Auto Center v. Oakley*, 2 Neb. App. 84, 507 N.W.2d 51 (1993).

[42] *Carpenter v. Cullan*, 254 Neb. 925, 581 N.W.2d 72 (1998).

[43] *Houser, supra* note 11.

[44] See *id.*

- 510 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

[9-13] As stated, a lower court has no authority to disregard a mandate of an appellate court. This principle is fundamental to our appellate process:

> A district court has an unqualified duty to follow the mandate issued by an appellate court and must enter judgment in conformity with the opinion and judgment of the appellate court. A lower court may not modify a judgment directed by an appellate court; nor may it engraft any provision on it or take any provision from it. No judgment or order different from, or in addition to, the appellate mandate can have any effect. Because a trial court is without power to affect rights and duties outside the scope of the remand from an appellate court, any order attempting to do so is entered without jurisdiction and is void.[45]

Each person who takes part in the judicial process has a substantial right to have the courts' orders enforced.[46] And it is fundamental that the last utterance of an appellate court determines the law of the case, and upon remand for another trial subsequent to the appeal, the trial court is bound to follow the law as stated by an appellate court.[47] We have long held that when a lower court fails to follow the directions of a superior court, the parties to such action have a right to use the appellate court to coerce compliance with the mandate.[48] In *State v. Dickinson*,[49] we said that the actions of the lower court can be reviewed, either by error or appellate proceedings, or by mandamus, explaining the importance of enforcing a mandate in order to prevent parties from appealing ad infinitum:

> The force and effect of the provisions of a mandate ought not thus to be overcome and neutralized. If permissible,

---

[45] *Henk, supra* note 9, 299 Neb. at 591, 909 N.W.2d at 638-39.

[46] See *State v. Dickinson*, 63 Neb. 869, 89 N.W. 431 (1902).

[47] *State v. White*, 257 Neb. 943, 601 N.W.2d 731 (1999).

[48] See *Dickinson, supra* note 46.

[49] *Id.* at 875-76, 89 N.W. at 433.

- 511 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

it would, in many instances, deprive a party litigant of a substantial right earned after tedious and expensive litigation, and require useless and needless expense and time in correcting the injustice done him by the prosecution of a new proceeding on appeal to establish that which has already been adjudicated.

Disregarding an appellate court's mandate affects a substantial right of the litigant the mandate was issued in favor of. When the parties declined to appeal the first district court order, the condemnees had earned the substantial right, via the judicial process, to have a rehearing.

Since there was no appeal in each case of the district court's first mandate, which became the law of the case, the county court could not disregard the final mandate of the district court, acting as an appellate court. Once the mandate was issued in each case, the county court had an unqualified duty to follow the mandate and hold a hearing. To leave such an error uncorrected prejudicially affects the condemnees' substantial right to the enforcement of the judgment rendered by the appellate court and would result in damage to the integrity, reputation, and fairness of the judicial process.

We find no merit to TransCanada's argument that the stipulated motion for a continuance changed the county court's power and responsibilities in light of the orders on remand. Even assuming a stipulation could operate in such a manner, the stipulation here did not purport to do so. The stipulation was merely a continuance requested by both TransCanada and the condemnees because the present cases "were closely associated with the cases pending on appeal and the appellate court's ruling may impact matters before this court."

For purposes of the district court's order in each case remanding the matter for a new hearing, both TransCanada and the condemnees are treated as if the motion for attorney fees has not been heard and they should have a meaningful opportunity to present whatever evidence they have that is relevant to the motion for attorney fees. This evidence may

- 512 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
TRANSCANADA KEYSTONE PIPELINE v. TANDERUP
Cite as 305 Neb. 493

be similar to the evidence originally presented or it may be new evidence; the county court should consider all relevant evidence before making its determination on the motions for attorney fees.

## CONCLUSION

We conclude that in each case the district court was correct to find plain error and to remand with instructions for the county court to hold an evidentiary hearing. We affirm in each case the district court's order remanding the matter to the Antelope County Court to conduct an evidentiary hearing on the issue of the condemnees' request for attorney fees and costs and to make a final determination on that issue based on the evidence submitted.

Affirmed.

Miller-Lerman, J., participating on briefs.