Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/16/2020 09:08 AM CDT

Eric M. Frans, appellee, v. Waldinger Corporation
and EMC Insurance Co., appellants.

Filed July 24, 2020.    No. S-19-482.

1. **Workers' Compensation: Appeal and Error.** An appellate court is
   obligated in workers' compensation cases to make its own determina-
   tions as to questions of law.
2. **Courts: Appeal and Error.** After receiving a mandate, a trial court is
   without power to affect rights and duties outside the scope of the remand
   from an appellate court.

Petition for further review from the Court of Appeals,
Moore, Chief Judge, and Bishop and Arterburn, Judges, on
appeal thereto from the Workers' Compensation Court, Daniel
R. Fridrich, Judge. Judgment of Court of Appeals affirmed
as modified.

Caroline M. Westerhold and Jenna M. Christensen, of Baylor
Evnen, L.L.P., for appellants.

Maynard H. Weinberg, of Weinberg & Weinberg, P.C., for
appellee.

Heavican, C.J., Miller-Lerman, Cassel, Funke, Papik,
and Freudenberg, JJ.

Papik, J.
The Nebraska Court of Appeals reversed the judgment of
the Nebraska Workers' Compensation Court and remanded
the cause with directions to dismiss Eric M. Frans' amended
petition in its entirety. We see no basis for directing Frans'
entire petition to be dismissed and believe this direction to be

inconsistent with the substance of the Court of Appeals' opinion. On petition for further review, we thus modify the Court of Appeals' opinion to direct the dismissal of Frans' amended petition to a limited extent.

## BACKGROUND

In October 2002, Frans was injured in an accident arising out of and in the course of his employment when a garage door struck him on the top of his head. He initially reported injuries to his head, neck, and back.

In 2008, Frans filed a petition in the Workers' Compensation Court against his employer, Waldinger Corporation, and its workers' compensation insurance carrier (collectively Waldinger), alleging he was injured in the 2002 work accident. The parties later entered into a joint settlement agreement in which they agreed that Frans injured his lower back in the 2002 work accident and "to resolve, on a final basis, all issues except [Frans'] entitlement to receive reasonable and necessary medical treatment as a result of [his] low back condition." The agreement stated that Waldinger would be "fully discharged from all further liability, except for future reasonable and necessary medical care pursuant to Neb. Rev. Stat. §48-120, . . . on account of the accident and injury(s) of 10/30/02, whether now known or to become known in the future, whether physical or mental." The compensation court entered an order approving the settlement agreement and dismissing the petition.

Years later, Frans filed a petition in the compensation court seeking reimbursement for what he claimed was continuing medical treatment related to the 2002 work accident. In an amended petition, Frans alleged he had injured his head, neck, and lower back and requested "continuing medical treatment including but not limited to treatment for depression arising as a result of the 10/30/02 back injury as well as other treatment related to the back injury."

A trial was held and evidence was adduced, including, among other things, medical records and expert opinions of

medical professionals. Following trial, the compensation court entered an award. The compensation court referenced an earlier order in which it stated that the parties' 2008 settlement agreement did not preclude Frans from seeking ongoing medical treatment, including treatment for depression and anxiety, if such injuries were a result of his low-back condition. The compensation court found that Frans was entitled to reimbursement for treatment of his current low-back pain. It ordered Waldinger to pay for certain medical treatment and physical therapy for his lower back. The compensation court also found that there was sufficient evidence to establish Frans' depression and anxiety were caused by his low-back condition and that he was thus entitled to recover for treatment of his depression and anxiety. It found the evidence was insufficient, however, to show that Frans' head and neck injuries were causally related to his low-back condition and concluded Frans was not entitled to reimbursement for medical treatment for such injuries.

On appeal, the Court of Appeals found that the compensation court did not err in determining the 2008 settlement agreement did not preclude Frans from seeking medical treatment for depression and anxiety if such treatment was reasonable and necessary as a result of Frans' low-back condition. The Court of Appeals disagreed, however, that the evidence was sufficient to establish Frans' depression and anxiety developed as a result of his low-back condition, and it thus concluded Frans was not entitled to medical treatment for his depression and anxiety. The Court of Appeals did not address or find error in the compensation court's finding that Frans was entitled to reimbursement for treatment for his low-back pain.

The Court of Appeals reversed the judgment of the compensation court and remanded the cause "with directions to dismiss Frans' amended petition." Similar language appears in the opinion's introduction.

Frans petitioned for further review. Among other assignments of error, he assigned that the Court of Appeals erred

in directing that his amended petition, in which he sought reimbursement for future medical treatment for his low-back condition, be dismissed. We granted Frans' petition for further review solely as to that assignment of error.

## ASSIGNMENT OF ERROR

As noted, the sole assignment of error on which we have granted further review is Frans' contention that the Court of Appeals erred by directing the dismissal of his amended petition.

## STANDARD OF REVIEW

[1] An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Rogers v. Jack's Supper Club*, 304 Neb. 605, 935 N.W.2d 754 (2019).

## ANALYSIS

Frans argues that the Court of Appeals erred by directing the dismissal of his amended petition in its entirety. He points out that the Court of Appeals did not reverse the compensation court's determination that he was entitled to reimbursement for treatment prescribed by his physician and physical therapy for his low-back condition. In its response to Frans' petition for further review, Waldinger did not dispute Frans' contention that his entire amended petition should not be dismissed. Instead, it argued that, when read in its entirety, the Court of Appeals' opinion should be understood to direct only a dismissal of Frans' amended petition to the extent it sought recovery for treatment of his depression and anxiety.

After granting Frans' petition for further review, we issued an order to show cause, pursuant to Neb. Ct. R. App. P. § 2-107(A)(3) (rev. 2017), as to why the Court of Appeals' decision should not be modified so that it directs the compensation court to dismiss Frans' amended petition only to the extent it seeks reimbursement for treatment of depression

and anxiety and head and neck injuries. Waldinger did not file a response.

[2] Reading its opinion as a whole, we find it unlikely that the Court of Appeals intended to direct the compensation court to dismiss the entirety of Frans' amended petition on remand. Its language, however, directs the dismissal of the amended petition without qualification. We believe this language could be understood by the compensation court as instructing it to dismiss the amended petition as a whole, including that portion on which it awarded reimbursement for treatment of Frans' lower back. We have stated that after receiving a mandate, a trial court is without power to affect rights and duties outside the scope of the remand from an appellate court. See *TransCanada Keystone Pipeline v. Tanderup*, 305 Neb. 493, 941 N.W.2d 145 (2020). We have further stated that "when a lower court is given specific instructions on remand, it must comply with the specific instructions and has no discretion to deviate from the mandate." *Id.* at 502, 941 N.W.2d at 153. Given our case law that a lower court has no power to deviate from the specific instructions in an appellate court's mandate, we believe it is appropriate to modify the Court of Appeals' instruction so that it is consistent with the substance of its decision and does not jeopardize the recovery awarded to Frans by the compensation court on which the Court of Appeals did not find reversible error.

## CONCLUSION

Accordingly, we modify the Court of Appeals' opinion so that it directs the compensation court to dismiss Frans' amended petition only to the extent it seeks reimbursement for treatment for depression and anxiety, as well as the head and neck injuries. In all other respects, we affirm.

Affirmed as modified.

Stacy, J., not participating.