Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/02/2021 08:09 AM CDT

Sheryl A. Rogers, appellee, v. Jack's Supper
Club and Continental Western
Group, appellants.

___ N.W.2d ___

Filed January 8, 2021.    No. S-20-170.

1. **Workers' Compensation: Appeal and Error.** A judgment, order, or award of the compensation court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.

2. ____: ____. An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law.

3. **Courts: Appeal and Error.** After receiving a mandate, a trial court is without power to affect rights and duties outside the scope of the remand from an appellate court.

4. **Judgments: Appeal and Error.** When an appellate court remands a cause with directions, the judgment of the appellate court is a final judgment in the cause.

5. **Courts: Appeal and Error.** When a lower court is given specific instructions on remand, it must comply with the specific instructions and has no discretion to deviate from the mandate.

6. **Workers' Compensation.** Neb. Rev. Stat. § 48-120(6) (Cum. Supp. 2018) establishes that an employer may contest any future claims for medical treatment on the basis that such treatment is unrelated to the original work-related injury or occupational disease, or that the treatment is unnecessary or inapplicable.

Appeal from the Workers' Compensation Court: J. Michael Fitzgerald, Judge. Affirmed.

Jenna M. Christensen and Caroline M. Westerhold, of Baylor Evnen, L.L.P., for appellants.

Trevor J. Matulka and Todd R. McWha, of Waite & McWha Law Firm, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Funke, and Papik, JJ.

Cassel, J.

## INTRODUCTION

An employer and its insurer appeal a Nebraska Workers' Compensation Court's order on remand, which appointed the employee's "Form 50" physician and clarified that it was not ordering a review of the employee's treatment regimen. The employer and its insurer attack the order as deficient under Workers' Comp. Ct. R. of Proc. 11(A) (2011) in that it made no determination whether the employee's future medical treatment will be reasonable or necessary. Because the order complied with our mandate and fully resolved the controversy presented by the employee's motion to compel, we decline to provide a ruling in anticipation of a future controversy beyond the scope of our mandate. We affirm the court's order.

## BACKGROUND

This is the second appearance of the parties before this court. We first summarize the prior appeal and then set forth the additional background leading to the instant appeal.

### First Appeal

In our previous opinion,[1] we described the factual background in more detail. For purposes of this appeal, our opinion is summarized as follows.

Continental Western Group is the workers' compensation carrier for Jack's Supper Club, which employed Sheryl A.

---

[1] *Rogers v. Jack's Supper Club*, 304 Neb. 605, 935 N.W.2d 754 (2019).

Rogers. We hereinafter refer to the employer and its insurer collectively as "JSC."

In 2001, Rogers injured her back in the course and scope of her employment. As part of a settlement between Rogers and JSC, she completed a Form 50. The Form 50 anticipated that JSC would pay for treatment of Rogers' work-related injuries by her Form 50 physician, who could only be changed through an agreement of Rogers and JSC or by order of the Nebraska Workers' Compensation Court. Because Rogers lived in Nebraska at the time, Rogers chose a Nebraska doctor to serve as her Form 50 physician.

In 2010, Rogers moved to Florida and informed JSC that she had chosen a Florida doctor, Dr. Jonathan Daitch, as her new Form 50 physician. JSC responded that Rogers could not unilaterally change her Form 50 physician. After discussions between Rogers and JSC broke down and JSC stopped paying for Rogers' treatment, Rogers filed a motion to compel, demanding that JSC cover Rogers' medical treatment by Dr. Daitch.

JSC argued that Rogers did not have the unilateral power to change her Form 50 physician pursuant to a statute[2] governing selection of Form 50 physicians. Furthermore, JSC challenged the necessity and reasonableness of Rogers' opioid treatment, offering medical reports setting forth opinions regarding Rogers' injury and treatment. The reports expressed concerns about possible adverse effects from Rogers' medication regimen and recommended weaning her from opioids. The compensation court expressed a similar concern at a hearing as well.

The compensation court issued a written order, concluding that because Rogers had moved to Florida and could not be expected to continue to be treated by a Nebraska doctor, the statute did not apply. The compensation court ordered JSC

---

[2] Neb. Rev. Stat. § 48-120(2) (Cum. Supp. 2018).

to pay Rogers' medical bills and stated that Dr. Daitch was allowed to continue to treat Rogers. JSC appealed.

This court reversed the compensation court's order and remanded the cause with instructions. We ruled that JSC was not required to pay for Rogers' Florida medical treatment, because Rogers had not followed the statutory procedures to change her Form 50 physician.[3] We characterized the services furnished by providers in Florida as "'medical services furnished or ordered by [a] physician or other person selected by the employee in disregard of [§ 48-120].'"[4] Furthermore, we determined that the compensation court's order was insufficient under rule 11(A). We explained:

> We cannot determine what the compensation court meant by ordering that Rogers is allowed to continue treatment with Dr. Daitch's office. It is not clear if the compensation court intended to make Dr. Daitch Rogers' Form 50 Physician going forward or if it made the necessary findings to do so. We have previously alluded to the compensation court's authority to order a change of the Form 50 Physician, but it can do so when it "deems such change is desirable or necessary." . . . We read the compensation court's order, however, to equivocate about whether it is "desirable or necessary" for Rogers to continue to be treated by Dr. Daitch. While the order stated that Rogers could continue to receive treatment from Dr. Daitch, it expressed concern about the opioids he continues to prescribe for Rogers.
>
> In addition, the compensation court appeared to believe that some type of review of the opioid regimen prescribed by Dr. Daitch was necessary. We do not understand from its order, however, whether the court was ordering

---

[3] See § 48-120(2).

[4] *Rogers, supra* note 1, 304 Neb. at 615, 935 N.W.2d at 762 (quoting § 48-120(2)(f)).

such a review or what effect the results of that review might have on whether the compensation court believes it is necessary or desirable for Rogers to have Dr. Daitch as her Form 50 Physician.[5]

Because it was not possible to determine whether the compensation court made the findings necessary to support the relief awarded, we remanded the cause and instructed:

> Upon remand, the compensation court shall enter an order regarding Rogers' right to reimbursement for ongoing medical treatment that complies with rule 11. Such order shall address whether it is changing Rogers' Form 50 Physician under § 48-120(6) and clarify the ambiguity about any review of Rogers' treatment regimen that is to take place.[6]

### Instant Appeal

On remand, it does not appear that the compensation court held a hearing or that it sought or received any new evidence. The only bill of exceptions presented in the instant appeal is the same one that was filed in the first appeal.

In the compensation court's order on remand, it appointed Dr. Daitch as Rogers' Form 50 physician and found:

> [I]t is desirable or necessary, or both, to allow [Rogers] to change physicians because she now lives in Florida. Dr. . . . Daitch is appoint[ed] the [r]ule 50 physician. Dr. Daitch is appointed because he has treated [Rogers] for a number of years, and it is [Rogers'] desire to remain under his care and treatment.

The compensation court clarified:

> [JSC] had Nebraska physicians write reports as the [c]ourt noted in its Order of September 26, 2018. The discussion in that Order was meant to provide the parties with

---

[5] *Id.* at 617, 935 N.W.2d at 763.

[6] *Id.* at 618, 935 N.W.2d at 764.

advice to submit to Dr. Daitch the reports of physicians who believe there should be an adjustment in care. Far too often, there is a breakdown in communication, and one physician (especially a physician in Florida) does not know what the other physicians are thinking. The only purpose of the comments was to advise the parties and/or [JSC] to submit to Dr. Daitch the reports and recommendations of the other physicians. It is up to Dr. Daitch to decide the appropriate method of care and treatment for [Rogers].

JSC filed a timely appeal, which we moved to our docket.[7]

## ASSIGNMENTS OF ERROR

JSC assigns, reordered, that the compensation court (1) violated rule 11(A) in its order on remand and (2) erred as a matter of law and fact in failing to determine whether Dr. Daitch's treatment was reasonable and necessary to treat Rogers' work-related injuries.

## STANDARD OF REVIEW

[1,2] A judgment, order, or award of the compensation court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.[8] An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law.[9]

---

[7] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2018).

[8] *Picard v. P & C Group 1*, 306 Neb. 292, 945 N.W.2d 183 (2020).

[9] *Frans v. Waldinger Corp.*, 306 Neb. 574, 946 N.W.2d 666 (2020).

[3] After receiving a mandate, a trial court is without power to affect rights and duties outside the scope of the remand from an appellate court.[10]

## ANALYSIS

### Rule 11

JSC first challenges the compensation court's order on remand, arguing that it fails to satisfy a compensation court rule requiring a reasoned decision. We disagree.

Rule 11(A) states: "Decisions of the court shall provide the basis for a meaningful appellate review. The judge shall specify the evidence upon which the judge relies." JSC argues that "comparing the [order reversed in the first appeal] and the . . . [o]rder on [r]emand, the findings . . . as to the necessity and reasonableness of . . . medical treatment remain contradictory and unclear."[11]

At this point, we observe that JSC does not assign error or make any argument attacking the portion of the order on remand appointing Dr. Daitch as Rogers' Form 50 physician. On remand, the court made an express finding that it was "desirable or necessary, or both" for Dr. Daitch to be Rogers' new Form 50 physician. The court also cited the specific evidence upon which it relied to justify that relief: Rogers now lives in Florida and cannot be treated by Nebraska doctors, Dr. Daitch has treated Rogers for many years, and Rogers desires to stay under his care.

Rather, JSC addresses only the portion of the order on remand resolving the ambiguity we noted in our first opinion. In that portion, the compensation court clarified that it was not ordering a review of Dr. Daitch's treatment, but instead was simply fostering discussion between JSC's experts and Dr. Daitch,

---

[10] *TransCanada Keystone Pipeline v. Tanderup*, 305 Neb. 493, 941 N.W.2d 145 (2020).

[11] Brief for appellants at 14.

because ultimately "[i]t is up to Dr. Daitch to decide the appropriate method of care and treatment for [Rogers]."

Contrary to JSC's argument, we do not read or understand this language as a delegation of the court's responsibility to resolve a "dispute regarding medical . . . services . . . to be furnished" or the court's "authority to determine the necessity, character, and sufficiency of any medical services . . . to be furnished."[12] Rather, it was simply a recognition that Dr. Daitch was not Rogers' Form 50 physician previously and that all of the evidence relating to his treatment regimen was developed prior to his designation as such. There is literally no evidence that in his capacity as the Form 50 physician, Dr. Daitch had prescribed any course of treatment; thus, JSC effectively relies on pure speculation.

[4] More fundamentally, JSC's argument regarding rule 11(A) relies upon a flawed premise. When an appellate court remands a cause with directions, the judgment of the appellate court is a final judgment in the cause.[13] The portion of the first order, upon which JSC relies for comparison, has no force or effect after our reversal of it. The order on remand stands upon its own merits. JSC's argument that the order on remand violated rule 11(A) lacks merit. We therefore turn to its substantive argument regarding the content of the order on remand.

TREATMENT DETERMINATION

[5] Contrary to JSC's substantive argument, the compensation court was not "specifically directed to make a determination as to whether the opioid treatment was reasonable and necessary medical care."[14] We have consistently held that when a lower court is given specific instructions on remand, it

_____

[12] § 48-120(6).

[13] See *Smith-Helstrom v. Yonker*, 253 Neb. 189, 569 N.W.2d 243 (1997).

[14] Brief for appellants at 12.

must comply with the specific instructions and has no discretion to deviate from the mandate.[15] We have already recited the directions of our remand. In compliance with them, the compensation court "chang[ed] Rogers' Form 50 physician" and "clarif[ied] the ambiguity about any review of Rogers' treatment regimen."[16] The compensation court obeyed our instructions and did not deviate from our mandate.

[6] More broadly, JSC argues that the compensation court should have determined whether Dr. Daitch's treatment of Rogers was reasonable or necessary. Section 48-120(6) establishes that an employer may contest any future claims for medical treatment on the basis that such treatment is unrelated to the original work-related injury or occupational disease, or that the treatment is unnecessary or inapplicable.[17] But, in this regard, JSC is anticipating a future controversy rather than seeking to resolve an existing dispute.

Our decision in the first appeal reversed the compensation court's original order. Because Dr. Daitch was not Rogers' Form 50 physician, her motion to compel failed. This litigation has settled that prior to the Form 50 physician designation, JSC is not required to pay for the treatment that was disputed in the motion to compel.

At oral argument, in response to a question whether "going forward if Dr. Daitch prescribes those opioids or prescribes any course of treatment, that [JSC] would have the ability to challenge that as not something they are required to reimburse because it is not reasonable and necessary," Rogers conceded that "[i]f they want to [do so, it would be] challengeable." In other words, after this appeal, if Dr. Daitch's treatment regimen as the Form 50 physician is disputed, JSC may challenge it in a subsequent proceeding. However, this court will not

---

[15] *TransCanada Keystone Pipeline, supra* note 10.

[16] *Rogers, supra* note 1, 304 Neb. at 618, 935 N.W.2d at 764.

[17] See *Sellers v. Reefer Systems*, 283 Neb. 760, 811 N.W.2d 293 (2012).

instruct the compensation court to indulge in speculation in anticipation of a future controversy.

## CONCLUSION

The compensation court did not err in its order on remand. It sufficiently resolved the ambiguity inherent in its original order and provided a basis for meaningful appellate review. Thus, the compensation court complied with this court's specific instructions. Whether a controversy exists after the appointment of Dr. Daitch as Rogers' Form 50 physician is pure speculation. If such a dispute is determined to exist, the procedures authorized in § 48-120 provide the authority to resolve it. We affirm the compensation court's order on remand.

AFFIRMED.

FREUDENBERG, J., participating on briefs.
STACY, J., not participating.